# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 00-1052

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the District of |
| Sylvan Anthony Pinque, | * | Minnesota. |
| | * | |
| Appellant. | * | |

———————

Submitted:  October 17, 2000

Filed:  December 8, 2000

———————

Before BEAM, HEANEY, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

———————

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Sylvan Pinque was convicted on two counts of distributing cocaine base (crack) and two counts of conspiring to distribute and to possess crack with the intent to distribute it.  *See* 21 U.S.C. § 841(a)(1), § 846.  Mr. Pinque maintains on appeal that the trial court incorrectly instructed the jury on the conspiracy charges and that there was insufficient evidence of his predisposition to commit these crimes.  We affirm.

I.

Mr. Pinque first maintains that the trial court erred in instructing the jury on the conspiracy charges. We would normally review the relevant instructions for plain error, since Mr. Pinque did not object to them in the trial court. *See United States v. Johnson*, 114 F.3d 808, 814 (8th Cir. 1997). The government contends, however, that Mr. Pinque proposed the very jury instructions to which he now objects, and, if this is true, Mr. Pinque would of course have waived his right to object to them. *See United States v. Olano*, 507 U.S. 725, 732-33 (1993); *see also United States v. Lakich*, 23 F.3d 1203, 1207 (7th Cir. 1994). But Mr. Pinque's proposed instructions are not on the record, so we are obliged to reject the government's contention.

Mr. Pinque asserts that the trial court confused the jury by misdescribing the charges against him. While instructing the jury on the two conspiracy counts, the trial court stated that "[i]n order to sustain its burden of proof for the crime of *possession of a controlled substance with intent to distribute*, ... the Government must prove [certain] elements" (emphasis supplied). Because the counts for which the instruction was given actually charged conspiracy, the failure to mention conspiracy in this context was an obvious error.

In order for this plain error to be reversible, however, it must have affected Mr. Pinque's substantial rights. *See United States v. Young*, 223 F.3d 905, 908 (8th Cir. 2000). We do not think that this happened in his case because it appears to us that it would have been impossible for the jury not to understand that Mr. Pinque was charged with conspiracy in the relevant counts. Three sentences before the one quoted above, the trial court's instructions stated that "[c]ounts 3 and 4 of the indictment charge the defendant with conspiracy." Conspiracy was also mentioned in the sentences immediately before and after the sentence to which Mr. Pinque objects. We must evaluate individual jury instructions in the context of the entire charge. *See United States v. Paul*, 217 F.3d 989, 997 (8th Cir. 2000). Looking at the entire charge, the

instructions indicated quite clearly that Mr. Pinque was charged with two counts of conspiracy, and thus we hold that his rights were not adversely affected by the error.

## II.

The trial court instructed the jury that in order to convict Mr. Pinque of conspiracy the government had to prove that he "conspired to possess ... cocaine base crack," that he "knew that this substance was a controlled substance," and that he "intended to distribute this controlled substance." Mr. Pinque contends that this instruction was erroneous because the indictment charged him with a conspiracy to distribute *and* to possess with the intent to distribute, while the instructions describe only a conspiracy to possess with the intent to distribute. He asserts that this instruction allowed the jury to convict him without finding that he had entered into a conspiracy to distribute. Even if this is true, however, there was no prejudicial error: When more than one violation is charged conjunctively in an indictment, proof of any of the violations will sustain the conviction. *See United States v. Vickerage*, 921 F.2d 143, 147 (8th Cir. 1990).

Mr. Pinque also asserts that the instructions erroneously failed to state that the conspiracy with which he was charged encompassed an agreement to distribute. It is true that the instructions used the word "conspired" only in stating that the defendant must have conspired to possess crack, while not explicitly stating that he must also have conspired to distribute. The jury was instructed, however, that the two relevant counts charged that "the defendant knowingly conspired with other persons ... to intentionally possess ... cocaine base crack, a controlled substance, with intent to distribute that substance." The jury was also properly instructed on the definitions of "conspiracy," "possess," and "distribute." As we have said, in evaluating jury instructions we look to whether, when taken as a whole, they fairly and adequately submitted the issue to the jury hearing the case. *See United States v. Beckman*, 222 F.3d 512, 520 (8th Cir. 2000). We believe, without reservation, that the jurors here

understood that in order to convict Mr. Pinque they had to determine that he was part of a conspiracy both to possess and to distribute crack.

## III.

Mr. Pinque's final challenge to the jury instructions is that the trial court failed to state that in order to convict him of conspiracy, the jury had to find that he conspired with at least one person who was not a government agent. "It is of course a well-established rule that 'there can be no indictable conspiracy involving only the defendant and government agents and informers,' " *United States v. Rios*, 171 F.3d 565, 566 (8th Cir. 1999), quoting *United States v. Nelson*, 165 F.3d 1180, 1184 (8th Cir. 1999). Mr. Pinque, however, never argued at trial that government agents were his only co-conspirators. Nor did he request such an instruction or object to the absence of such an instruction. We therefore review the omission of the instruction for plain error. *See United States v. Jorgensen*, 144 F.3d 550, 560 (8th Cir. 1998).

"There is plain error if the omitted instructions should have been given and the error affected the defendant's 'substantial rights,' " *id.*, quoting *Olano*, 507 U.S. at 736. Mr. Pinque's substantial rights were not affected by the absence of this instruction, because the jury heard a great deal of evidence tending to show that Mr. Pinque conspired with at least one person who was not a government agent during each conspiracy for which he was convicted.

With respect to the first conspiracy, an informant testified that, at Mr. Pinque's request, he received crack from a girlfriend of Mr. Pinque's while Mr. Pinque was present. The informant further testified that this girlfriend was a common source of drugs for Mr. Pinque. The same informant testified regarding the second conspiracy as well, indicating that he went with Mr. Pinque to another girlfriend's house to obtain more crack. An undercover police officer indicated that this same girlfriend was present when he purchased crack from Mr. Pinque later that day, and that the girlfriend was in fact carrying the crack. We believe that it is clear that the instruction that

Mr. Pinque now requests could not have changed the outcome of his trial, and thus that his substantial rights were not violated by its omission.

IV.

Mr. Pinque argued at trial that he was entrapped, having sold crack only because an undercover police officer asked for it, and the trial court gave an instruction appropriate to an entrapment defense. For Mr. Pinque to have been entitled to an entrapment instruction, however, he would first have had to show that a government agent induced him to commit the crimes. *See United States v. Berg*, 178 F.3d 976, 980 (8th Cir. 1999). We think that Mr. Pinque failed to make this initial showing, as he cannot establish inducement merely by showing that the government " 'solicited, requested or approached [him] to engage in criminal conduct,' " *United States v. Van Slyke*, 976 F.2d 1159, 1162 (8th Cir. 1992), quoting *United States v. Ortiz*, 804 F.2d 1161, 1165 (10th Cir. 1986). In this case, Mr. Pinque immediately indicated his willingness to sell cocaine to the undercover police officer in response to an inquiry by the officer. While the officer may have asked for the cocaine several times, this was in response to a delay in obtaining the drugs and not due to any reluctance shown by Mr. Pinque. We hold, therefore, that Mr. Pinque was not entitled to have an entrapment defense submitted to the jury.

There was, moreover, more than sufficient evidence before the jury to support a finding of predisposition on Mr. Pinque's part. Although the government must prove predisposition beyond a reasonable doubt, we review the evidence with respect to predisposition in the light most favorable to the government. *See United States v. Brooks*, 215 F.3d 842, 845 (8th Cir. 2000). There was evidence that Mr. Pinque's previous involvement with drug dealing was extensive. During his first meeting with the undercover police officer, for instance, Mr. Pinque boasted about his ability to obtain large amounts of cocaine. Witnesses testified that he was an experienced drug dealer and that he was quite familiar with the methods of drug dealers. He gave the undercover police officer a code number for paging him to purchase drugs; he also

showed his knowledge of cocaine by advising the officer that he should not purchase crack that had been mixed with too much baking soda.  This evidence is more than sufficient to support a finding that Mr. Pinque was predisposed to deal crack.

## V.

For the foregoing reasons, we affirm the judgment of the trial court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.