# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2912

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Charles A. Willis, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: December 11, 2001
Filed: January 24, 2002

_____

Before McMILLIAN and MURPHY, Circuit Judges, and BATTEY, District Judge.[1]

_____

MURPHY, Circuit Judge.

After Charles A. Willis was convicted by a jury on two counts of tax evasion, he moved for a new trial based on alleged insufficiency of evidence, errors in the instructions and evidentiary rulings, and juror misconduct. A second retrial motion alleged violations of his rights under Brady v. Maryland, 373 U.S. 83 (1963). The

_____

[1]The Honorable Richard H. Battey, United States District Judge for the District of South Dakota, sitting by designation.

district court[2] denied both motions and sentenced him to 27 months. Willis appeals the denial of the motions and his sentence. We affirm.

## I.

In the tax years 1995 through 1997, Charles Willis worked as a shareholder and officer of Connectivity Systems, Inc., a business founded by his father, where he earned taxable income of nearly $1.5 million.[3] Willis testified at trial that in 1996, as a result of a conversation with a Connectivity employee, he began to believe that payment of federal income taxes was not compulsory.[4] He purchased books on the subject and spoke with lawyers and accountants. Most of those with whom he spoke told him that payment was compulsory, and even those materials which encouraged his belief told him that it was contrary to the view of the Internal Revenue Service (IRS) and the courts. Willis also researched the issue in statutes and casebooks, despite having no legal training.

Willis rejected a return prepared by an accountant for his 1995 tax year because of his view that payment was voluntary. He instead prepared his own return which showed deductions equal to his 1995 income and requested a refund of the amount

---

[2]The Honorable James M. Rosenbaum, Chief Judge, United States District Court for the District of Minnesota.

[3]The parties do not dispute that Willis paid income taxes on his earnings prior to 1995. For the 1994 tax year the taxes paid amounted to approximately $134,000.

[4]Another explanation for Willis' attitude towards the tax system emerged at trial. In 1996 Connectivity discovered that a contract payroll company working for it had embezzled payroll tax funds rather than remitting them to the IRS. See United States v. Ervasti, 201 F.3d 1029 (8th Cir. 2000). Connectivity was then required to remit to the IRS additional funds beyond those already provided to the payroll company for payment of its taxes. Willis testified that he felt that the IRS was at least partly responsible for Connectivity's lost funds.

previously withheld by Connectivity, approximately $170,000. The IRS rejected this return as frivolous and began an investigation. In the course of the investigation, Willis told IRS agents that he was unable to find any legal authority requiring him to file tax returns. An IRS agent testified that she offered to send Willis a brochure explaining his obligation to pay, with citations to cases and statutes. She reported that Willis declined her offer, instead demanding that she "cite the law off the top of [her] head." She eventually mailed the brochure to Willis, who claims that he did not receive it.

Willis failed to file a return for the 1996 and 1997 tax years. In 1996 he drafted and filed a "substitute W-4" form stating that he was "excluded" from withholding. After receiving the form Willis had drafted, Connectivity continued to report his income to the IRS but no longer withheld taxes from his earnings.

In March 2000 Willis was charged with three counts of tax evasion in violation of 26 U.S.C. § 7201:[5] for the years 1995, 1996, and 1997. The case was tried before a jury which convicted him on the counts relating to 1996 and 1997 but deadlocked on the one for 1995. His motions for a new trial were denied by the district court which then sentenced him to 27 months in prison.

Willis appeals from the denial of his motions for a new trial on the grounds that the evidence presented at trial was insufficient to convict him and that the court

[5]     Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more than $100,000 . . . or imprisoned not more than 5 years, or both, together with the costs of prosecution.

26 U.S.C. § 7201.

improperly excluded evidence and erred in its instructions to the jury. He also alleges that he is entitled to a new trial because of alleged juror misconduct and because of the government's failure to disclose evidence under Brady v. Maryland, 373 U.S. 83, 87 (1963). Finally,[6] he argues that the district court did not use the correct base offense level in its sentencing calculation under the guidelines.

## II.

The government must prove three elements in order to obtain a conviction under § 7201: a tax deficiency, willfulness, and an affirmative act of evasion or attempted evasion of the tax. United States v. Brooks, 174 F.3d 950, 954 (8th Cir. 1999). Willis does not now dispute that he owed taxes for income earned in 1996 and 1997, and we consider in turn each of his points on appeal.

## A.

Willis argues that the evidence presented by the government was insufficient to convict him. A motion for a new trial should be granted if there is insufficient evidence to support the verdict. Larson v. Farmers Coop. Elevator of Buffalo Ctr.,

---

[6]Willis also charges that the court consistently made rulings prejudicial to him, but he cites only one example – the allegedly inconsistent treatment of two letters. One letter had been mailed by an IRS agent to Willis, and he had sent the other to the IRS. His letter was excluded for lack of foundation, but the IRS letter was admitted despite what he says was weaker foundation. Willis has not shown an abuse of the court's discretion in ruling on the admissibility of evidence, by this example or otherwise. See United States v. Jackson, 914 F.2d 1050, 1053 (8th Cir. 1990) (standard of review).

Willis further alleges that the court made "embarrassing and gratuitous criticisms" of his counsel throughout the trial, but a review of the record finds this charge baseless.

211 F.3d 1089, 1095 (8th Cir. 2000). A question regarding the sufficiency of the evidence is reviewed de novo, considering the evidence in the light most favorable to the government. Brooks, 174 F.3d at 954.

Willis contends that the government presented insufficient evidence of one element for conviction under § 7201: an affirmative act of evasion or attempted evasion of the tax. This element is satisfied by proof of any affirmative conduct which has the likely effect to mislead or conceal. Id. at 956. Willis contends that the failure to file is not itself an affirmative act and that his conduct was neither evasive nor misleading. He openly communicated to IRS agents and others that he did not believe he was required to pay taxes.

The government presented evidence sufficient for the jury to conclude that Willis affirmatively attempted to evade his obligation to pay taxes. There was also evidence that Willis attempted to conceal his whereabouts by selling his home and permitting himself to be contacted by cell phone only. The evidence was sufficient to prove attempted evasion of the tax.

B.

Willis raises several issues with respect to the court's instructions to the jury. A court's instructions are generally reviewed for abuse of discretion. United States v. Beckman, 222 F.3d 512, 520 (8th Cir. 2000). A judgment will be reversed on the basis of instructional error only if the error affected the substantive rights of the parties. White v. Honeywell, Inc., 141 F.3d 1270, 1278 (8th Cir. 1998). The question is whether the instructions "taken as a whole and viewed in the light of the evidence and applicable law, fairly and adequately submitted the issues in the case to the jury." Id. (quoting Kim v. Nash Finch Co., 123 F.3d 1046, 1057 (8th Cir. 1997)).

First, Willis contends that the court erred in failing to instruct that a conviction

under § 7201 requires the finding of an affirmative act of evasion. The court instructed the jury that it could convict only upon a finding that Willis had attempted to evade and defeat the tax which he owed, an element involving both "an intent to evade or defeat the tax [and] some act willfully done in furtherance of such intent." According to the instruction, this element is satisfied if the defendant "willfully fail[ed] to report" income which he knew he must report or attempted to evade or defeat the tax in some other manner. The jury was instructed further that to evade or defeat a tax means "to escape paying [it] by means other than lawful avoidance." Willis charges that this instruction permitted the jury to convict him even if it did not find an affirmative act of evasion. Because he failed to object on this basis at trial, our review is for plain error which is error that affected his "substantial rights." United States v. Pinque, 234 F.3d 374, 378 (8th Cir. 2000), cert. denied, 121 S.Ct. 2012 (2001) (quoting United States v. Jorgensen, 144 F.3d 550, 560 (8th Cir. 1998)); Fed. R. Crim. P. 30. No such error is present here. The instruction clearly prohibited the jury from convicting Willis unless it found some act "willfully done" in furtherance of an intent to evade or defeat the tax he owed.

Next, Willis contends that the court erred in issuing a willful blindness instruction. The court instructed the jury that the necessary element of knowledge could be inferred

> if the defendant deliberately closed his eyes to what otherwise would have been obvious to him. You may not find the defendant acted knowingly, however, if you find that the defendant actually believed he had no duty to pay taxes. A showing of negligence, mistake or carelessness is not sufficient to support a finding of knowledge.

A willful blindness or deliberate indifference instruction is appropriate when there is evidence to "support the inference that the defendant was aware of a high probability of the existence of the fact in question and purposely contrived to avoid

learning all of the facts in order to have a defense" against subsequent prosecution. United States v. Barnhart, 979 F.2d 647, 652 (8th Cir. 1992).

Willis argues that the evidence shows that he actively sought to learn his obligations under the law by consulting accountants and lawyers and by reading materials on the subject; the willful blindness instruction should therefore not have been given. Willis objected to this instruction at trial and so we review the court's decision to give it for abuse of discretion. Beckman, 222 F.3d at 520 (8th Cir. 2000). The government presented evidence sufficient to support the deliberate indifference instruction here. Testimony from the lawyers and accountants Willis approached, as well as IRS agents, indicate that he was eager to convince them that payment of taxes was voluntary and was unwilling to hear any contrary view. The very documents upon which Willis says he relied in forming his belief expressly warned that the IRS and the courts did not agree. A jury could reasonably conclude from this evidence that Willis was aware of a high likelihood that he was required to pay taxes and attempted to avoid learning the truth. The willful blindness instruction was therefore appropriate.

Finally, Willis argues that the court erred in its instruction on good faith. The jury was instructed that

> [a] defendant's good faith is recognized as a defense to the charge of tax evasion, because good faith on the part of a defendant is simply inconsistent with the willful intent to violate the law with which he's charged. [Good faith] encompasses, among other things, a belief or opinion honestly held, and an absence . . . of malice or ill will. A person who acts on an honestly held belief or opinion is not punishable under the law merely because the opinion or belief turns out to be inaccurate, incorrect, or wrong. An honest mistake in judgment or an honest error does not rise to the level of criminal conduct.

Willis objected at trial and argues now that this instruction erroneously led the jury to believe that he could be acquitted only if his beliefs were reasonable. He suggests that the court should have expressly instructed the jury to acquit him if he sincerely believed his actions were lawful, even if that belief was unreasonable. The instruction clearly told the jury to determine whether his belief was sincere and honest rather than whether it was reasonable, and the court did not abuse its discretion in declining to add the language suggested by Willis.

Willis also contends that this instruction was erroneous because under it the jury could not find both good faith and malice or ill will toward the IRS. As he points out, the absence of malice or ill will is not required for a good faith defense under § 7201. See Brooks, 174 F.3d at 955. See also Cheek v. United States, 498 U.S. 192, 202-03 (1991); Eighth Circuit Criminal Jury Instructions § 9.08 (2000). Willis presented considerable evidence of his anger toward the IRS over the Connectivity payroll tax embezzlement, and he now argues that this evidence of ill will could have led the jury to discredit his good faith defense. Willis did not object on this basis at trial and so our review is limited to a determination of whether the trial court committed plain error in violation of his substantial rights. Pinque, 234 F.3d at 378. Plain error will be found "only where necessary to prevent a miscarriage of justice." United States v. Neumann, 887 F.2d 880, 882 (8th Cir. 1989) (en banc). No such error is present here. Although a lack of malice is not itself a requirement for the good faith defense, a finding of malice could lead the jury to find that Willis' beliefs were not honestly held. The government presented considerable evidence to support the jury's finding that a defense of good faith did not apply. The court's instruction did not violate Willis' substantial rights.

C.

At trial Willis sought to introduce materials upon which he allegedly relied in forming a belief that he was not required to pay taxes. These materials included

statutes and judicial opinions, as well as three boxes of documents from groups supporting his view. Willis argued that these materials were probative evidence of his honest understanding that he was not required to pay taxes. The court permitted Willis to introduce several of these documents, and it allowed Willis to testify about the remaining material which was excluded as cumulative and prejudicial.

Willis contends that the excluded evidence was relevant and that the court erred by not admitting it. Cf. United States v. Gaumer, 972 F.2d 723, 725 (6th Cir. 1992) (error to exclude all documents contributing to belief that defendant was not required to pay taxes). Willis has not shown how the excluded documents would have added new insight into the formation of his beliefs beyond the materials that were permitted into evidence. These documents were cumulative, Fed. R. Evid. 403, and so the court did not abuse its discretion in excluding them. Cf. United States v. Nash, 175 F.3d 429, 434-36 (6th Cir. 1999) (permissible to exclude some materials contributing to belief that payment of taxes is not required). Moreover, introduction of the statutes and judicial opinions would have had a high potential to confuse the jury and conflict with the court's responsibility to instruct on the law. Willis had been permitted to explain the source of his beliefs and to introduce other exhibits on which he relied, and the district court did not err in excluding the additional documents. Fed. R. Evid. 403.

D.

In connection with his motions for a new trial, Willis presented evidence from a friend of his father about alleged juror misconduct. That individual stated he had had a conversation with the employer of the jury foreperson. The friend of Willis's father said that the employer had told him that the foreperson had spoken with him the night before the verdict and said that "it didn't look good for Willis." The father's friend also stated that the foreperson and his employer had discussed the fact that their company was a competitor of a firm previously owned by Willis. After Willis

made this allegation, an IRS agent was sent to interview the foreperson who said that he had told his employer only the name of Willis' case, the name of the firm previously owned by Willis, and the length of his expected absence from work.

Willis contends that the court should have held an evidentiary hearing before concluding that there had been no juror misconduct. See United States v. Behler, 14 F.3d 1264, 1268 (8th Cir. 1994) (citing Remmer v. United States, 347 U.S. 227, 230 (1954)). The trial court has broad discretion in handling allegations of juror misconduct. United States v. Williams, 77 F.3d 1098, 1100 (8th Cir. 1996). Any contact with a juror during trial about the case before the juror is presumptively prejudicial, Behler, 14 F.3d at 1268, but this presumption can be rebutted if "the proper reaction of the court establishes that the defendant has not been prejudiced." Id. (quoting United States v. Rowley, 975 F.2d 1357, 1363 (8th Cir. 1992)). The foreperson had revealed at voir dire that he worked for a competitor of Willis' previous company, but Willis made no challenge to his jury service then or during trial. We conclude that the court did not abuse its discretion by not holding an evidentiary hearing or in finding that these allegations based on multiple hearsay were "nearly spurious."

E.

Willis made a Brady motion before trial requesting any exculpatory evidence, specifically including any documents in the possession of the government concerning a program known as "De-Taxing America." Willis testified at trial that he had relied on materials from De-Taxing America in forming his belief that he was not obligated to pay taxes. The government responded that it possessed no such evidence.

After trial Willis discovered that the founders of De-Taxing America had been investigated by the IRS and permanently enjoined from marketing the program. See United States v. Raymond, 78 F. Supp. 2d 856 (E.D. Wis. 1999), aff'd 228 F.3d 804

(7th Cir. 2000), <u>cert denied</u>, 121 S. Ct. 2242 (2001). Willis contends that evidence that others had been misled by the De-Taxing America materials would have supported his claim that he had honestly believed that he was not obligated to pay taxes. He argues that the government should have provided him with information regarding the case against De-Taxing America, including deposition transcripts, affidavits, notes, and correspondence.

To establish a <u>Brady</u> violation, the defendant must show that the prosecution suppressed material evidence favorable to him. <u>United States v. Keltner</u>, 147 F.3d 662, 673 (8th Cir. 1998). Evidence is material only if there is a reasonable probability that the result of the trial would have been different if it had been disclosed. <u>Id.</u> The De-Taxing America material does not meet this standard. The injunction against the De-Taxing America program was a matter of public record at the time of trial. As the district court observed, the information Willis sought was available by merely entering the phrase "De-Taxing America" into a search engine on a legal database such as Westlaw or Lexis. Willis claims that research conducted by his attorney before trial failed to uncover any government action against De-Taxing America, but the district and appellate court opinions in <u>Raymond</u> were filed in July 1999 and September 2000, and the existence of an injunction against the De-Taxing America program was publicly available knowledge at the time trial began in December 2000. Publicly available information which the defendant could have discovered through reasonable diligence cannot be the basis for a <u>Brady</u> violation. <u>United States v. Jones</u>, 160 F.3d 473, 479 (8th Cir. 1998). Moreover, the office prosecuting Willis was not in charge of the <u>Raymond</u> prosecution and was not in possession of non public materials from that case. Most significantly, this material was not materially exculpatory. Government witnesses testified before the jury that they had received materials drafted by De-Taxing America from many individuals, not just from Willis. Additional evidence that others had followed that program would not have created a reasonable probability of a different result at trial. We conclude there was no <u>Brady</u> violation.

## F.

Finally, Willis challenges his sentence. He claims the court erred in its finding on the amount of tax loss which led to a base offense level of 16 instead of 15.

The court found that the government had suffered a tax loss in an amount between $200,000 and $325,000, which corresponds to a base offense level of 16 under the United States Sentencing Guidelines. See United States Sentencing Commission, Guidelines Manual §2T4.1 (Nov. 2000). This base offense level and a criminal history category of I resulted in a sentencing range of 21 to 27 months. The court sentenced Willis to 27 months, the upper point of that range. Willis contends that the loss should have been less than $200,000, based on amended returns he filed just before trial. That loss amount would have given him a base offense level of 15 and a guidelines range of 18 to 24 months.

The district court's factual findings regarding the amount of tax loss will be upheld unless clearly erroneous. United States v. Oseby, 148 F.3d 1016, 1025 (8th Cir. 1998). In this case, the court based its determination of the amount of tax loss on evidence presented at trial by IRS agents. Willis argues that the district court improperly relied on the Presentence Investigation Report rather than making its own independent findings of fact, see United States v. Olbres, 99 F.3d 28, 30-32 (1st Cir. 1996), but the court expressly relied on testimony "proven at trial [and] shown before a jury." It commented that Willis did not "seriously challenge" this testimony. Instead, Willis relied on tax forms filed in September 2000 after he was indicted. The court chose to disregard Willis' own calculation in favor of trial evidence. Its factual finding of the amount of loss was not clearly erroneous.

## III.

After studying the record, we conclude that Willis is not entitled to either a new trial or to resentencing, and we affirm the judgment of the district court.

A true copy.

ATTEST:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.