# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2299
_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * |
| v. | * |
| | * |
| Estelle Goings, | * |
| | * |
| Appellant. | * |

Appeals from the United States
District Court for the District of
South Dakota.

_____

No. 02-2301
_____

[PUBLISHED]

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * |
| v. | * |
| | * |
| Carol Vitalis, | * |
| | * |
| Appellant. | * |

_____

Submitted: December 10, 2002

Filed: December 16, 2002
_____

Before McMILLIAN, FAGG, and BYE, Circuit Judges.
_____

PER CURIAM.

Estelle Goings, Carol Vitalis, and Goings's daugther worked in the payroll department within the Financial Accounting Office (FAO) of the Oglala Sioux Tribe. Goings supervised the entire office, and Vitalis supervised Goings's daughter. The women obtained multiple payroll advances and failed to repay them as required by tribal policy. A grand jury found probable cause to believe the women misapplied tribal funds and converted them to their own use, and thus returned an indictment charging them with four counts of theft from an Indian tribal organization in violation of 18 U.S.C. § 1163 and one count of conspiracy to commit theft from an Indian tribal organization in violation of 18 U.S.C. § 371. A jury convicted all three on all charges. The district court[*] sentenced Goings and Vitalis to twenty-seven months in prison, and Goings's daughter to fifteen months in prison. Goings and Vitalis appeal their convictions and sentences. We affirm.

Goings and Vitalis first contend the district court abused its discretion in denying their fourth motion for a continuance five days before trial. Goings and Vitalis stated the tribe auditor had become unavailable to testify because his wife was scheduled for medical treatment and he was asserting his Fifth Amendment privilege not to incriminate himself. Goings and Vitalis argued they needed time to obtain a substitute auditor to give expert testimony. The government responded that the defense had not given notice that it intended to call the tribe auditor as an expert or that the defense would call any expert witness at trial. The government also pointed out the court had earlier ruled irrelevant the documentary evidence identified as the basis of the auditor's testimony. In denying the continuance, the district court noted

_____

[*]The Honorable Richard H. Battey, United States District Judge for the District of South Dakota.

the case had been pending nearly one year, numerous continuances had already been granted, the case did not appear to be especially complicated, and the main trial issue would be the intent of Goings and Vitalis, a factual decision for the jury. The district court did not clearly abuse its discretion in denying the continuance. United States v. Young, 943 F.2d 24, 25 (8th Cir. 1991).

When it denied the continuance, the district court also denied Goings and Vitalis's request that the court appoint an independent accounting expert to replace the tribe auditor. Goings and Vitalis challenge this denial. The district court determined the requested expert's testimony could be covered by other witnesses. Indeed, Goings and Vitalis elicited the desired testimony on cross-examination of tribal witnesses who dealt directly with the payroll advance policy and requests. The district court did not abuse its discretion in declining to appoint an expert because there was not a reasonable probability that an expert would have aided in the defense, and the denial of an expert witness did not result in an unfair trial. United States v. Ross, 210 F.3d 916, 921 (8th Cir.), cert. denied, 531 U.S. 969 (2000).

Next, Goings argues the district court should have severed her trial from Vitalis's trial because Vitalis gave a pretrial written statement to the government admitting her involvement in taking payroll advances in violation of tribal policy. The court granted the motion to sever in part by ordering the government to redact the last paragraph of the statement, which referred to Goings. With the redaction, the statement did not mention or refer to Goings in any way. After admitting the shortened statement at trial, the court instructed the jury it could consider the statement only against Vitalis, and not against the other two defendants. Thus, it does not matter that the confession might have implicated Goings in light of other evidence introduced at trial. United States v. Logan, 210 F.3d 820, 821-22 (8th Cir.) (en banc), cert. denied, 531 U.S. 1053 (2000). The district court did not abuse its discretion in denying the motion to sever. United States v. Evans, 285 F.3d 664, 670 (8th Cir. 2002).

Goings and Vitalis contend the district court erroneously excluded certain evidence about other employee loans and loan procedures. They first challenge the district court's rejection of a written offer of proof concerning government witness Jackie Rowland, an FAO office manager. Rowland testified she would not have approved payroll advances for Goings and Vitalis if she had known their earlier advances had not been repaid. On cross-examination, Rowland testified she always repaid the full amount of her payroll advances from her next paycheck. Vitalis submitted a written offer of proof that Rowland's statement was inaccurate because Exhibit 106 showed she had received an advance of $748.41 on May 29, 1998, but she repaid only $148.08 from the next regular paycheck. The district court denied the offer of proof, stating Rowland's payroll advances were not in issue.

We cannot say the district court abused its discretion in refusing the offer of proof. Federal Rule of Evidence 608(b) gives the district court discretion to allow cross-examination about specific bad acts that have not resulted in felony convictions if those acts concern the witness's credibility, but forbids the introduction of extrinsic evidence to prove the specific bad act occurred. United States v. Martz, 964 F.2d 787, 789 (8th Cir. 1992). "The introduction of extrinsic evidence to attack credibility, to the extent it is ever admissible, is subject to the discretion of the trial judge." Id. Given Rowland's specific denial that she had ever failed to repay a payroll advance in full from her next paycheck, the defendants could not introduce extrinsic evidence to contradict her. Id. In any event, the district court had admitted Exhibit 106 into evidence earlier in the trial, so the jury had the contradictory evidence before it.

Likewise, the district court did not abuse its discretion in denying the defendants' offer of proof on Exhibit 104, which showed payroll advance requests submitted by tribal employees other than Goings and Vitalis. Evidence about other tribal employees' requests, especially when it was not shown whether the requested advances were ever made, was not relevant or material to the issue of whether Goings

and Vitalis violated the payroll advance policy and gave themselves numerous unapproved payroll advances. Similarly, the district court did not abuse its discretion in excluding Exhibit 119, a memorandum written by Vitalis to the tribal treasurer appealing her employment termination and denying any wrongdoing on her part, because it was irrelevant and hearsay. See United States v. Esparza, 291 F.3d 1052, 1054 (8th Cir. 2002).

Goings and Vitalis assert the district court committed error in refusing their jury instruction on "good faith," and in giving a willful blindness instruction. The district court did not abuse its discretion in instructing the jury. United States v. Willis, 277 F.3d 1026, 1031 (8th Cir. 2002); United States v. Lalley, 257 F.3d 751, 755 (8th Cir. 2001). The instructions, taken as a whole and viewed in light of the applicable law and trial evidence, fairly and adequately submitted the issues to the jury. Id. The district court properly gave the Eighth Circuit stock instruction on good faith instead of the defendants' longer proposed instruction. See United States v. Cheatham, 899 F.3d 747, 751-52 (8th Cir. 1990) (approving stock instruction). As for the willful blindness instruction, Goings and Vitalis contended at trial that they acted in good faith, did not violate the tribal policy on payroll advances, and were not guilty of any criminal wrongdoing. The government presented evidence that Goings and Vitalis told federal agents that they could have checked, but did not want to know how much money they had taken through payroll advances. Taken in the light most favorable to the government, the evidence supports an inference that Goings and Vitalis consciously chose to remain ignorant about the extent of their criminal behavior. See Willis, 277 F.3d at 1032; Lalley, 257 F.3d at 755. The district court thus properly gave a willful blindness instruction.

Last, Goings and Vitalis contend the district court should not have imposed a two-level enhancement for "abus[ing] a position of public or private trust . . . in a manner that significantly facilitated the commission or concealment of the offense." U.S. Sentencing Guidelines Manual (U.S.S.G.) § 3B1.3 (2001). A position of public

or private trust is characterized by professional or managerial discretion and involves less supervision than positions with primarily nondiscretionary responsibilities. <u>Id.</u> n.1. In imposing the enhancement, the district court properly relied on trial evidence, which showed Goings and Vitalis held positions of trust in the tribe, they had significant managerial responsibility, the elected tribal treasurers relied on the accuracy of the information they provided, and the abuse of trust contributed in a significant way to facilitating the commission and concealment of the offenses. <u>United States v. Baker</u>, 200 F.3d 558, 563-64 (8th Cir. 2000).

We thus affirm the convictions and sentences of Goings and Vitalis.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.