# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 05-1655

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of Minnesota. |
| | * | |
| Thomas Eli Ray, | * | [PUBLISHED] |
| | * | |
| Appellant. | * | |

———————

Submitted: November 15, 2005
Filed: November 22, 2005

———————

Before WOLLMAN, FAGG, and MELLOY, Circuit Judges.

———————

PER CURIAM.

The Government charged Thomas Eli Ray with attempting to extort $2.5 million from Best Buy by sending the company emails threatening to exploit a breach in its computer security. The Federal Bureau of Investigation (FBI) tracked the emails back to three different accounts. One of the accounts belonged to Ray, and portions of three of the email extortion letters were found on Ray's computer. In his defense at trial, Ray contended someone had hacked onto his computer and used it to send the

emails.  A jury convicted Ray on two counts of extortion, and the district court[*] sentenced him to eighteen months in prison.

On appeal, Ray contends the evidence was insufficient to show he sent the emails.  Viewing the evidence in the light most favorable to the verdict, we conclude a reasonable jury could find beyond a reasonable doubt that Ray was the person who sent the extortion emails to Best Buy.  See United States v. Olguin, No. 05-1710, 2005 WL 2861426, at *2 (8th Cir. Nov. 2, 2005) (standard of review).   Indeed, Ray admitted that he used his computer and logged onto the Internet several times a day, and that three of the emails sent to Best Buy traced back to the Internet address he was using on the given day and time the extortion emails were sent.  Further, an FBI computer forensic expert found three of the emails and other incriminating documents on the hard drive of Ray's computer.  The expert testified the emails and documents were created by someone typing on that computer, and that someone had logged onto the Internet from that computer using the screen name and password used to send the emails.  The expert also stated there was no evidence of any type of remote access or hacking found on Ray's computer.  In addition, the evidence showed Ray had the knowledge and ability to process the monetary transactions he demanded in the extortion emails.

Without identifying specific evidence he sought to introduce, Ray next asserts the district court should have allowed him to explore the FBI's efforts to connect the crimes to two other suspects.  Ray was allowed to present evidence of the possibility that another person hacked into his computer and committed the charged offenses, however.  The material that was not admitted into evidence was hearsay and merely cumulative.  At trial, the other initial suspects, two of whom had been eliminated by the FBI after brief investigation, were not called to the stand as witnesses by Ray.

---

[*]The Honorable Michael J. Davis, United States District Judge for the District of Minnesota.

Having carefully reviewed the issue, we conclude the district court did not abuse its discretion in ruling on the admissibility of evidence.  See United States v. Willis, 277 F.3d 1026, 1033 (8th Cir. 2002).

Ray also contends the prosecutor committed misconduct by misstating the evidence during his closing argument.  To determine whether prosecutorial misconduct occurred, we consider first whether the prosecutor's conduct or remarks were improper.  United States v. Frokjer, 415 F.3d 865, 873 (8th Cir. 2005).  If so, we then consider whether the conduct or remarks prejudicially affected the defendant's substantial rights by depriving him of a fair trial.  Id.

Here, Ray asserts the prosecutor improperly argued that two documents found on his hard drive were created and saved on the computer, and the record only shows the documents were saved on the computer.  The FBI computer forensic expert testified that the emails and documents were created on Ray's computer, however.  Ray also contends that in rebuttal, the prosecutor misstated the evidence about computer vulnerability.  Because both of the prosecutors comments were supported by the record, they were not improper, much less plain error.  See id. (when defense does not object to statements during trial, we reverse only for plain error).  Ray last asserts the prosecutor improperly argued criminal propensity when she pointed out that Ray continued to acquire domain names to which he had no legitimate interest after being notified that such conduct was improper.  This argument was directed at identifying Ray as using the same screen name in contacting Best Buy and in acquiring the domain names.  Even if the comment was improper, it was not so offensive that it deprived Ray of a fair trial.  See id.

We thus affirm Ray's convictions.

_____