# United States Court of Appeals
### For the Eighth Circuit

_____

No. 13-2398

_____

United States of America

*Plaintiff - Appellee*

v.

McHarding Degan Galimah

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: March 13, 2014
Filed: July 10, 2014

_____

Before COLLOTON, SHEPHERD, and KELLY, Circuit Judges.

_____

KELLY, Circuit Judge.

McHarding Degan Galimah was convicted by a jury for smuggling firearms out of the United States in violation of 18 U.S.C. § 554. Prior to trial, Galimah argued that this statute required the government to prove he knowingly violated the law. The

district court[1] agreed and held that a showing of actual knowledge of the law was required. The government then argued that it should be allowed to prove actual knowledge by showing deliberate ignorance or willful blindness of the law. The district court approved the government's proposed deliberate ignorance instruction over Galimah's objection. The jury returned a guilty verdict. Galimah now appeals the district court's ruling allowing the deliberate ignorance instruction. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

## I. Background

Galimah is an immigrant from Liberia, who lived in Coon Rapids, Minnesota. From April 2009 to May 2010, Galimah purchased twelve handguns from The Madden Group ("Madden"), a gun dealer with a federal firearms license. As a licensed dealer, Madden complied with certain federal regulations requiring registration of newly purchased firearms. In particular, Madden provided Galimah with a firearms transaction form, which included a section titled: "Exportation of Firearms." The form warned "that the State or Commerce Departments 'may require you to obtain a license prior to export.'" Galimah and Madden were then required to "review, complete, and sign different sections of the same document."

Between November 2010 and April 2012, Galimah exported multiple sea cargo shipping containers, each the size of a semi-truck cargo trailer, to Monrovia, Liberia. Galimah packed the containers with "various goods ranging from vehicles to mundane household items." Galimah included the twelve handguns he purchased from Madden, putting them "at the bottom of large shipping barrels" full of other goods, which were then placed inside the larger shipping containers. "For each shipment Galimah completed various shipment forms, including a [customs]

---

[1]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

declaration in which he listed the shipped items in considerable detail." However, Galimah did not declare the handguns he concealed inside the containers. Sometime after Galimah completed the shipments, the United States Immigration and Customs Enforcement Agency began investigating Galimah's activities. Galimah eventually admitted to customs agents that he shipped the twelve handguns to Liberia. Galimah was then indicted for illegally exporting weapons in violation of 18 U.S.C. § 554.

Prior to trial, Galimah and the government both submitted proposed jury instructions to the district court. Galimah claimed that § 554 required the government to prove Galimah "knowingly" violated the law.[2] The government argued that the knowledge requirement in § 554 applied only to the act of exporting and did not require the government to prove that Galimah had actual knowledge of the law he was violating. The government, quoting the Eighth Circuit Manual of Model Jury Instructions, 7.02, Committee Comments, suggested that "willfully" is more typically used to suggest "'violating a known legal duty,'" i.e., having knowledge of the law one is violating. Because § 554 says "knowingly" or "knowing" instead of "willfully," the government urged the district court to find knowledge of the law was not a requirement. The district court overruled the government's objection and held the government must prove that Galimah knowingly violated the law. The government has not appealed this ruling.

---

[2] 18 U.S.C. § 554 provides:

> Whoever fraudulently or knowingly exports or sends from the United States, or attempts to export or send from the United States, any merchandise, article, or object contrary to any law or regulation of the United States, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of such merchandise, article or object, prior to exportation, knowing the same to be intended for exportation contrary to any law or regulation of the United States, shall be fined under this title, imprisoned not more than 10 years, or both.

The government did, however, request that the district court submit a deliberate ignorance or willful blindness instruction. Galimah objected to this instruction and suggested it would essentially lower the proof required from actual knowledge of the law to a requirement that the defendant should have known the law. The district court overruled Galimah's objection and allowed the deliberate ignorance instruction. The jury returned a guilty verdict. Galimah appeals the district court's decision to allow a deliberate ignorance instruction.

## II. Discussion

We review a district court's decision to include a jury instruction for abuse of discretion. United States v. Listman, 636 F.3d 425, 431 (8th Cir. 2011) (citing United States v. Hernandez-Mendoza, 600 F.3d 971, 979 (8th Cir. 2010)). "A district court possesses 'broad discretion in instructing the jury, and jury instructions do not need to be technically perfect or even a model of clarity.'" McCoy v. Augusta Fiberglass Coatings, Inc., 593 F.3d 737, 744 (8th Cir. 2010) (quoting Brown v. Sandals Resorts Int'l, 284 F.3d 949, 953 (8th Cir. 2002)). "'Our review is limited to whether the jury instructions, taken as a whole, fairly and adequately represent the evidence and applicable law in light of the issues presented to the jury in a particular case.'" Id. (quoting Brown, 284 F.3d at 953). If there is an error, we may then consider whether any error is harmless. Hernandez-Mendoza, 600 F.3d at 979 (citing United States v. Raether, 82 F.3d 192, 194 (8th Cir. 1996)).

The district court's jury instructions included the following deliberate ignorance instruction:

> The element of knowledge may be inferred if the defendant deliberately closed his eyes to learning whether the exportation of firearms from the United States was contrary to any law or regulation of the United States. You may not find the defendant acted knowingly if you find he was merely negligent, careless, or mistaken as to whether the exportation of

-4-

firearms from the United States to Liberia was contrary to any law or regulation of the United States.

Galimah argues the deliberate ignorance instruction does not comport with the requirement of establishing actual knowledge of the law. First, Galimah contends that the instruction left the jury "with the impression that Mr. Galimah had an obligation to learn the applicable law." More specifically, Galimah claims the instruction improperly read into the statute an additional burden on the defendant. Second, Galimah argues that the deliberate ignorance instruction allowed the jury to convict based on what "he should have known" as opposed to what he actually knew. To this extent, Galimah claims the instruction improperly "lessened the burden on the government by altering the mens rea requirement." Galimah suggests that where actual knowledge of the law is required, a jury should not be allowed to infer knowledge through a showing of deliberate ignorance. In Galimah's view, ignorance of the law is a lack of actual knowledge, and therefore, even the deliberately ignorant lack the actual knowledge necessary to be convicted. Galimah also asserts this court should distinguish between cases in which knowledge of a fact is required and cases in which knowledge of the law is required.

"Many criminal statutes require proof that a defendant acted knowingly or willfully, and courts applying the doctrine of willful blindness hold that defendants cannot escape the reach of these statutes by deliberately shielding themselves from clear evidence of critical facts that are strongly suggested by the circumstances." Global-Tech Appliances, Inc. v. SEB S.A., 131 S. Ct. 2060, 2068–69 (2011). "A willful blindness or deliberate indifference instruction is appropriate when there is evidence to 'support the inference that the defendant was aware of a high probability of the existence of the fact in question and purposely contrived to avoid learning all of the facts . . . .'" United States v. Willis, 277 F.3d 1026, 1032 (8th Cir. 2002) (quoting United States v. Barnhart, 979 F.2d 647, 652 (8th Cir. 1992)). In order to convict a defendant based on deliberate ignorance, the jury must find, beyond a

reasonable doubt, "a conscious purpose to avoid enlightenment." Barnhart, 979 F.2d at 651 (quotation omitted). A deliberate ignorance or a willful blindness instruction is "a mechanism for inference," not "a substitute for knowledge." Mattingly v. United States, 924 F.2d 785, 791 (8th Cir. 1991). In a very real sense, "persons who know enough to blind themselves to direct proof of critical facts in effect have actual knowledge of those facts." Global-Tech Appliances, 131 S. Ct. at 2069 (citing United States v. Jewell, 532 F.2d 697, 700 (9th Cir. 1976) (en banc)).

While the Eighth Circuit has not yet addressed the issue of whether a deliberate ignorance instruction is available in a case under 18 U.S.C. § 554, we have previously allowed such an instruction in prosecutions for tax evasion, which has a similar mens rea requirement. In order to be convicted of tax evasion, a defendant must have knowledge of the tax law that he is violating. See United States v. Brooks, 174 F.3d 950, 955 (8th Cir. 1999) (noting that tax evasion must be willful and defining "[w]illfulness . . . [to] require[] the Government to prove that the law imposed a duty on the defendant, that the defendant knew of this duty, and that he voluntarily and intentionally violated that duty" (emphasis added)).

In Willis, we upheld a deliberate ignorance instruction that told the jury "the necessary element of knowledge [of the law] could be inferred" "if the defendant deliberately closed his eyes to what otherwise would have been obvious to him." 277 F.3d at 1031–32. Based on the circumstantial evidence of knowledge in that particular case, which included receiving advice from lawyers and accountants as well as reading documents that expressly warned of tax liability, we concluded that "[a] jury could reasonably conclude . . . that Willis was aware of a high likelihood that he was required to pay taxes and attempted to avoid learning the truth." Id. at 1032. "The willful blindness instruction was therefore appropriate." Id.

Furthermore, we note that at least two other circuits have allowed deliberate ignorance instructions for violations of similar export laws where knowledge of the

law was directly at issue. In United States v. Elashyi, the Fifth Circuit held that a deliberate ignorance instruction was appropriate even though the government had to prove the "[d]efendants knew that they were prohibited from exporting goods to Libya." 554 F.3d 480, 492 (5th Cir. 2008). The court upheld the deliberate indifference instruction because the "evidence supported inferences that [d]efendants were subjectively aware of a high probability of the existence of illegal conduct and that they purposely contrived to avoid learning of the illegal conduct." Id. at 504.

In addition, the Tenth Circuit in United States v. Soussi upheld a deliberate ignorance instruction under the theory that "evasive actions are evidence [that a defendant] knew his actions were illegal." 316 F.3d 1096, 1107 (10th Cir. 2002). In that case, the court noted there was strong evidence Soussi understood that exporting to Libya was illegal. Soussi, however, claimed that he did not "extensively study" the federal government document that clarified the ban, and therefore, he did not have actual knowledge of the export ban. Id. The court found that the failure to extensively study the document was, in fact, evidence that Soussi did know of the ban and "deliberately refused to read the document on the . . . export ban, presumably because he wanted to avoid unequivocal knowledge it was illegal for him to engage in the transaction . . . ." Id.

We see no meaningful distinction between this case and these similar cases that have preceded it. As in Willis, the defendant's knowledge of the law is a fact in issue. Allowing a deliberate ignorance instruction does not alleviate the government's burden of proving knowledge of the law. Instead, it sensibly recognizes the reality that one who has enough knowledge of the law to consciously avoid learning the definite truth is at least aware of the high probability that his conduct is illegal and is simply attempting to maintain deniability. Given the evidence presented in this case, including the warnings encountered in purchasing the weapons, and Galimah's actions in deliberately concealing the firearms at the bottom of the shipping containers beneath other goods, there was sufficient evidence to

support the inference that Galimah was in fact aware of the law he was violating. Therefore, we find that the district court did not abuse its discretion in submitting a jury instruction on deliberate ignorance.

### III. Conclusion

For the reasons stated above, the district court is affirmed.

_____