# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-3016
_____

United States of America

*Plaintiff - Appellee*

v.

Isabel Mata Trejo

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines
_____

Submitted: April 13, 2016
Filed: August 8, 2016
_____

Before RILEY, Chief Judge, LOKEN and SHEPHERD, Circuit Judges.
_____

SHEPHERD, Circuit Judge.

A jury convicted Isabel Mata Trejo of conspiracy to distribute methamphetamine, but acquitted her of possession with intent to distribute methamphetamine and possession of a firearm in furtherance of a drug trafficking crime. She challenges her conviction on two grounds. First, she argues that the

district court[1] should have granted her motion for acquittal because the evidence is insufficient to support the conspiracy conviction. Second, she contends that the district court abused its discretion in submitting a deliberate ignorance instruction to the jury. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

I.

In March 2013, law enforcement officers began observing Mata Trejo's property after receiving information that liquid methamphetamine, originating in Mexico or California, was being converted to solid form on the property. A residence, where Mata Trejo lived, and a garage were located on the property. A flatbed trailer stood 40 feet from the residence. Officers positioned themselves in the woods near Mata Trejo's property for surveillance purposes. During their surveillance of the property, they observed two males walk between the residence, garage, and flatbed trailer. At one point, one of the men walked out of the residence holding a gallon jug of liquid and retrieved aluminum pans from underneath the trailer. With the assistance of the other man, he poured liquid from the jug into the aluminum pans and placed the pans back underneath the trailer. On another occasion, the investigators observed one of the same men digging on the property. Mata Trejo was never seen going into the garage, but the investigators did observe her walking around the property at or near the garage. The investigators conducted controlled buys at different locations, including a secluded location near Mata Trejo's property, at which they observed vehicles that they had seen on Mata Trejo's property. At the controlled buys near Mata Trejo's property, the methamphetamine was packaged in dirt-encrusted bags or Tupperware containers.

---

[1]The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa.

In May 2013, a search warrant was executed on Mata Trejo's property. In Mata Trejo's house, officers discovered $4,000 in small denominations of United States currency, a firearm, scales, and eight cellular telephones, including two that belonged to Mata Trejo. In a wooded area north of her residence, approximately 5,050 grams of methamphetamine were found buried in the ground in Tupperware containers and plastic bags. In the garage, officers discovered empty Tupperware containers, hot plates, scales, strainers, and a heat sealer, items commonly found in methamphetamine conversion labs. Officers also noticed an extension cord running from within the residence to the garage providing power to the garage.

Mata Trejo was charged in three counts of a 12-count indictment with conspiracy to distribute 500 grams or more of a mixture and substance containing methamphetamine and 50 grams or more of actual methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), and 846; possession with intent to distribute at least 500 grams of a mixture and substance containing methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), and 18 U.S.C. § 2; and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924 (c)(1)(A). Some of Mata Trejo's co-defendants pled guilty, but Mata Trejo and one other co-defendant proceeded to trial.

At trial, the government presented significant evidence of the manufacture, distribution, and storage of methamphetamine on Mata Trejo's property. Mata Trejo testified that she was not aware of any illegal drug activity on her property and did not go into the garage because it was very messy, but a man named "Camaro" requested permission to store a bag of clothes in the garage for $3,000. She thought that the packaging materials found in the garage may have belonged to Camaro. Mata Trejo claimed ownership of the $4,000 and the firearm found in her residence.

The jury found Mata Trejo guilty of engaging in a conspiracy to distribute drugs, but acquitted her of the other charges. Mata Trejo moved for acquittal on the

basis that there was insufficient evidence to support the jury verdict on the conspiracy charge in light of the jury's acquittal of Mata Trejo on the possession charge. The district court denied the motion, finding that there was sufficient evidence to support Mata Trejo's conviction. This appeal followed.

## II.

On appeal, Mata Trejo argues that the district court erred in denying her motion for acquittal and abused its discretion in giving a deliberate ignorance instruction to the jury. We will consider these arguments in turn.

## A.

"We review a motion for judgment of acquittal under a de novo standard of review." United States v. Espinosa, 585 F.3d 418, 423 (8th Cir. 2009). Mata Trejo argues that the district court erred in denying her motion for acquittal because the evidence was insufficient to support her conviction on the conspiracy charge. Specifically, Mata Trejo argues that the jury's acquittal as to the charge of possession with intent to distribute methamphetamine is inconsistent with the conclusion that the government met its burden of proof as to the elements of conspiracy to distribute methamphetamine. When considering a jury verdict that a party characterizes as inconsistent, we ask "whether the government presented sufficient evidence to support the conviction. We are reluctant to delve into the minds of the jurors to determine the reasons for apparently inconsistent verdicts." United States v. Opare-Addo, 486 F.3d 414, 416 (8th Cir. 2007) (internal citations omitted). "We review the sufficiency of the evidence de novo, viewing evidence in the light most favorable to the government, resolving conflicts in the government's favor, and accepting all reasonable inferences that support the verdict." United States v. Washington, 318 F.3d 845, 852 (8th Cir. 2003) (citation omitted). "Reversal is appropriate only where a reasonable jury could

not have found all the elements of the offense beyond a reasonable doubt." United States v. Armstrong, 253 F.3d 335, 336 (8th Cir. 2001).

To prove a conspiracy to distribute drugs under 21 U.S.C. § 846, the government must show: (1) that there was a conspiracy, i.e., an agreement to distribute the drugs; (2) that the defendant knew of the conspiracy; and (3) that the defendant intentionally or knowingly joined the conspiracy. United States v. Hernandez, 569 F.3d 893, 896 (8th Cir. 2009) (internal quotation marks and citation omitted); United States v. Pizano, 421 F.3d 707, 719 (8th Cir. 2005). "An agreement to join a conspiracy need not be explicit but may be inferred from the facts and circumstances of the case." United States v. Garcia-Hernandez, 530 F.3d 657, 661 (8th Cir. 2008) (quoting United States v. Rodriguez-Mendez, 336 F.3d 692, 695 (8th Cir. 2003)). Thus, the government was not required to show that Mata Trejo possessed methamphetamine in order to prove that she entered into a conspiracy to distribute methamphetamine. In order to establish possession of methamphetamine with intent to distribute under 21 U.S.C. § 841(a)(1), the government must prove that the defendant (1) knowingly possessed the methamphetamine; and (2) had intent to distribute it. See United States v. Parker, 587 F.3d 871, 881 (8th Cir. 2009). Because different elements are required to prove a conspiracy to distribute and possession with intent to distribute, the jury verdicts are not inconsistent. United States v. Gastineau, 217 F. App'x 581, 582 (8th Cir. 2007) (per curiam) (unpublished) (holding that the jury verdicts were not inconsistent because the conspiracy offenses on which defendant was found not guilty required proof of elements that the possession count did not) (citation omitted).

Here, sufficient evidence exists to support the jury's guilty verdict against Mata Trejo on the conspiracy to distribute charge. At trial, the government introduced evidence that $4,000 in small denominations of United States currency, a firearm, and scales were found in Mata Trejo's residence. Within the garage, investigators discovered an operational methamphetamine conversion lab with acetone, scales,

strainers, hot plates, and packaging materials, including a vacuum sealer and vacuum seal bags. In a wooded area, across the road from the property, investigators located methamphetamine buried in the ground. Mata Trejo denied knowledge of any drug activity but admitted that an individual named "Camaro" might have been responsible for the evidence located in the garage. She indicated that Camaro paid her $3,000 each month to store a bag of clothes on her property, a statement that the jury could have found incredulous.

Additionally, several officers testified about activity on Mata Trejo's property that was consistent with drug-related activity. Sergeant Vanhoozer testified that he saw two men pour a liquid retrieved from the house into aluminum pans and place them under a flatbed trailer. He also indicated that he observed a man on the property digging in the ground. Notably, some of the methamphetamine that was obtained was packaged in dirt-encrusted Tupperware containers. The officers further testified that they observed Mata Trejo moving about the property, entering and leaving the residence and walking near the garage, which suggests that she was aware, or otherwise willfully ignorant, of the drug activity on her property.

We agree with the district court that the totality of this evidence, viewed in the light most favorable to the verdict, is sufficient to justify the jury's guilty verdict on the conspiracy to distribute charge. Accordingly, the district court did not err in denying Mata Trejo's motion for acquittal.

B.

The statute at issue, conspiracy to distribute methamphetamine, requires that a defendant act knowingly. 21 U.S.C. § 846; see Pizano, 421 F.3d at 719. Mata Trejo claims that she did not act knowingly because she was not aware of the drugs and drug paraphernalia on her property. Mata Trejo further contends that the district court abused its discretion in giving a deliberate ignorance or willful blindness instruction

to the jury because the evidence could only support two conclusions – that she had actual knowledge of the alleged drug manufacturing and trafficking activity on her property, or that she had no such knowledge – and thus there is no support for the conclusion that she was willfully blind to such activity. Mata Trejo timely objected to the instruction in the district court. "We review the inclusion of a jury instruction for an abuse of discretion and consider whether any error was harmless." United States v. Listman, 636 F.3d 425, 431 (8th Cir. 2011) (internal citation omitted).

"Many criminal statutes require proof that a defendant acted knowingly or willfully, and courts applying the doctrine of willful blindness hold that defendants cannot escape the reach of these statutes by deliberately shielding themselves from clear evidence of critical facts that are strongly suggested by the circumstances." United States v. Galimah, 758 F.3d 928, 931 (8th Cir. 2014) (quoting Global-Tech Applicances, Inc. v. SEB S.A., 563 U.S. 754, 766 (2011)). "A willful blindness or deliberate indifference instruction is appropriate when there is evidence to support the inference that the defendant was aware of a high probability of the existence of the fact in question and purposely contrived to avoid learning all of the facts." Id. (internal quotation marks and citation omitted). The instruction is "a mechanism for inference," not "a substitute for knowledge." Id. (internal quotation marks and citation omitted).

Because the evidence at trial was sufficient to establish that Mata Trejo either had actual knowledge of the methamphetamine or deliberately failed to inquire about it, the willful blindness instruction was appropriate. Mata Trejo claimed that Camaro stored clothes on her property for $3,000, a steep price for storage of clothing, which could have led the jury to conclude the payment was for the storage of methamphetamine and that Mata Trejo was either aware or willfully ignorant of the methamphetamine stored on her property. Scales, a firearm, and $4,000 in small denominations of U.S. currency were found in Mata Trejo's house. Investigators observed Mata Trejo moving about the property, and methamphetamine was buried

on the property. This evidence is sufficient for a jury to conclude that Mata Trejo was either aware of the methamphetamine distribution activity or was deliberately ignorant of the same. If she was not aware, "it was only because she chose not to investigate the facts suggesting that criminal activity was afoot." United States v. Chavez-Alvarez, 594 F.3d 1062, 1067 (8th Cir. 2010) (upholding district court's use of willful blindness instruction). Moreover, the instruction was complete: it provided that the jury could not find Mata Trejo acted "knowingly" if it found she was merely negligent, careless, or mistaken as to whether her property was being used to store and process methamphetamine; and the jury could not find she acted "knowingly" if Mata Trejo actually believed her property was *not* being used for the storage and process of methamphetamine. Therefore, the district court did not abuse its discretion in giving the jury a deliberate ignorance instruction.

## III.

For the foregoing reasons, we affirm the conviction and judgment of the district court.

_____