WILLIAM PRYOR, Circuit Judge, concurring:
I join the panel's opinion in full. I write separately to explain that our precedents interpreting Federal Rule of Evidence 608(b) to prohibit impeachment by contradiction are irreconcilable with the current text of that Rule. "Impeachment by contradiction occurs when a party offers evidence to prove that a fact to which a witness testified is not true." 27 Charles Alan Wright et al., Federal Practice and Procedure § 6096 (2d ed. 2007). But the current version of Rule 608(b) regulates the admission of evidence of a witness's character for truthfulness or untruthfulness, not impeachment by contradiction. When an appeal that requires us to decide the issue comes before us, we should rule that the 2003 amendment to Rule 608(b) abrogated our earlier precedents.
Our precedents have interpreted Rule 608(b) as adopting the common-law rule that "a witness may not be impeached by *1323 producing extrinsic evidence of 'collateral' facts 'contradicting' the first witness's assertions about those facts." 1 McCormick on Evidence § 45 (Kenneth S. Broun ed., 7th ed. 2013). In United States v. Edwards , 696 F.2d 1277 (11th Cir. 1983), we held that Rule 608(b) prohibits this tactic. Id . at 1281.We affirmed a ruling excluding evidence proffered for the purpose of "contradict[ing]" a witness's "stated motive for working for the DEA" and "denial of involvement in drugs." Id. And our later decisions made clear that the holding of Edwards -consistent with the collateral-issue rule of the common law-does not "stand as a bar to the admission of evidence introduced to contradict, and which the jury might find disproves, a witness's testimony as to a material issue of the case." United States v. Cardenas , 895 F.2d 1338, 1345 (11th Cir. 1990) (quoting United States v. Opager , 589 F.2d 799, 803 (5th Cir. 1979) ); see also United States v. Costa , 947 F.2d 919, 925 (11th Cir. 1991) ; United States v. Cousins , 842 F.2d 1245, 1249 (11th Cir. 1988) ; United States v. Calle , 822 F.2d 1016, 1021 (11th Cir. 1987).
Our precedents comported with the former text of Rule 608(b), which stated that "[s]pecific instances of conduct of a witness, for the purpose of attacking or supporting his credibility ... may not be proved by extrinsic evidence." Edwards , 696 F.2d at 1281 (alterations in original) (emphasis added). This formulation of the Rule prohibited any use of extrinsic evidence of a witness's conduct to attack a witness's credibility. That prohibition arguably included evidence offered to prove that a witness testified falsely in an earlier proceeding.
In 2003, Rule 608(b) was amended to substitute the phrase "character for truthfulness" for the word "credibility," so that the Rule now provides that, "[e]xcept for a criminal conviction, ... extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness ." Fed. R. Evid. 608(b) (emphasis added). The purpose of this amendment was "to clarify that the absolute prohibition on extrinsic evidence applies only when the sole reason for proffering that evidence is to attack or support the witness' character for truthfulness." Fed. R. Evid. 608 advisory committee's note to 2003 amendments. "[T]he amendment leaves the admissibility of extrinsic evidence offered for other grounds of impeachment (such as contradiction, prior inconsistent statement, bias and mental capacity) to Rules 402 and 403." Id .
As the committee notes suggest, the current text of Rule 608(b) provides no general ban on impeachment by contradiction. "The literal language" of the current version of Rule 608(b) establishes that "extrinsic evidence is inadmissible only if offered for the purpose of proving character for truthfulness or untruthfulness." Wright et al., supra , § 6119. The text does not speak to related uses of the same evidence, even those that will almost always have a collateral impact on the jury's assessment of a witness's character for truthfulness, such as evidence introduced for impeachment by contradiction.
The current rule does not reach impeachment by contradiction, which characteristically attempts to prove that a witness lied , not that he is a liar . Reading Rule 608(b) to exclude extrinsic proof of witness conduct to challenge a witness's credibility in any way, as we did in Edwards , would effectively read the words "in order to attack or support the witness's character for truthfulness" out of the text of the Rule by prohibiting extrinsic evidence that affects a jury's assessment of the witness's character for truthfulness, even if the evidence was not introduced in *1324 order to attack the witness's character. This reading is untenable because it would violate the surplusage canon, which "directs us to give effect to 'every word and every provision' of a statute." United States v. Obando , 891 F.3d 929, 936 (11th Cir. 2018) (quoting Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts § 26, at 174 (2012)).
We should follow the approach of the majority of the circuits. The overwhelming majority of our sister circuits have held that Rule 608(b) does not prohibit impeachment by contradiction. See, e.g. , United States v. McGill , 815 F.3d 846, 907 (D.C. Cir. 2016) ; Morgan v. Covington Twp. , 648 F.3d 172, 179 (3d Cir. 2011) ; United States v. Ramirez , 609 F.3d 495, 499 (2d Cir. 2010) ; United States v. McGee , 408 F.3d 966, 981-82 (7th Cir. 2005) ; United States v. Akpan , 407 F.3d 360, 373-74 (5th Cir. 2005) ; United States v. Perez-Perez , 72 F.3d 224, 227 (1st Cir. 1995) ; United States v. Higa , 55 F.3d 448, 451-52 (9th Cir. 1995) ; United States v. Fleming , 19 F.3d 1325, 1331 (10th Cir. 1994). With the exception of the Sixth Circuit, see United States v. Scott , 693 F.3d 715, 721-22 (6th Cir. 2012), the only circuits that have concluded otherwise in precedential opinions did so before the adoption of the 2003 amendment. See United States v. Goings , 313 F.3d 423, 427 (8th Cir. 2002) ; United States v. Smith Grading & Paving, Inc. , 760 F.2d 527, 530 (4th Cir. 1985). We should recognize that the gloss on the Rule that we offered in Edwards is inconsistent with the text of the post-2003 Rule when the opportunity to do so presents itself.
For related reasons, our statements that the Rule limits the use of extrinsic evidence to "contradict[ing] ... a witness's testimony as to a material issue of the case," Cardenas , 895 F.2d at 1345 (quoting Opager , 589 F.2d at 803 ), are also incompatible with the post-2003 text of Rule 608(b). The Rule does not speak to anything other than the use of extrinsic evidence to support or attack a witness's character for truthfulness. And the constraint we recognized in Cardenas derives from the collateral-issue rule of the common law. But as the Supreme Court has explained, "[i]n principle, under the Federal Rules no common law of evidence remains." Daubert v. Merrell Dow Pharm., Inc. , 509 U.S. 579, 588, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993) (citation and internal quotation marks omitted). "[W]hen the Federal Rules are silent about a common-law restriction on the admission of logically relevant evidence, the Rules impliedly abolish the restriction." Edward J. Imwinkelried, Formalism Versus Pragmatism in Evidence , 48 Creighton L. Rev. 213, 221 (2015).
Rule 608(b) imposes only one constraint on extrinsic evidence: that it cannot be used to attack or support a witness's character for truthfulness. Immateriality does not cause evidence to fall within the ambit of this prohibition. As several of our sister circuits have recognized, Rule 608(b)"does not apply ... when extrinsic evidence is used to show that a statement made ... on direct examination is false, even if the statement is about a collateral issue." Fleming , 19 F.3d at 1331 ; see also Morgan , 648 F.3d at 179-80 ; United States v. Fonseca , 435 F.3d 369, 375 (D.C. Cir. 2006).
Of course, that Rule 608(b) does not itself bar impeachment evidence relevant only to a collateral issue does not mean that such evidence is always or even presumptively admissible. Impeachment by contradiction often threatens to "utterly destroy[ ]" "the purpose of Rule 608(b)" by permitting a party to mount a de facto attack on a witness's character for truth. Wright et al., supra , § 6119. When this threat arises, there is a serious risk of "undue consumption of time entailed in the *1325 presentation of the extrinsic evidence" and a "danger that the jurors's consideration of the extrinsic credibility evidence will distract them from the historical merits." Imwinkelried, Formalism Versus Pragmatism , supra , at 234. Because of this problem, "[w]hen extrinsic evidence offered to contradict undermines the[ ] purposes of Rule 608(b), that evidence becomes a strong candidate for exclusion under Rule 403," especially when the evidence is not otherwise "admissible to prove facts pertinent to other issues in the case." Wright et al., supra , § 6119. So although Rule 608(b) does not limit the use of extrinsic evidence in impeachment by contradiction to "material issue[s] of the case," Cardenas , 895 F.2d at 1345 (quoting Opager , 589 F.2d at 803 ), a district court could exclude extrinsic evidence used to impeach a witness on a collateral issue for its risk of "confusing the issues" or "wasting time." Fed. R. Evid. 403.
The Federal Rules of Evidence often prohibit the introduction of evidence for one purpose while permitting the introduction of the same evidence for a different purpose. See, e.g. , Fed. R. Evid. 404(b) (prohibiting prior bad act evidence to prove propensity, but not "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident"); Fed. R. Evid. 407 (prohibiting evidence of subsequent remedial measures to prove negligence, culpable conduct, a product or design defect, or a need for a warning or instruction, but not for other purposes). And there is no reason why Rule 608(b) should operate differently. As the Supreme Court has explained, "there is no rule of evidence which provides that testimony admissible for one purpose and inadmissible for another purpose is thereby rendered inadmissible." United States v. Abel , 469 U.S. 45, 56, 105 S.Ct. 465, 83 L.Ed.2d 450 (1984). "It would be a strange rule of law which held that relevant, competent evidence which tended to show bias on the part of a witness was nonetheless inadmissible because it also tended to show that the witness was a liar." Id. Similarly, evidence that tends to prove that a witness is not telling the truth on the stand should not be inadmissible because it incidentally tends to prove that he is a liar.
Extrinsic evidence offered to prove specific instances of witness conduct should be assessed under Rule 403 unless the evidence in question is offered to support or attack a witness's character for truthfulness. Rule 608(b) does not govern the admission of extrinsic evidence for any other purpose. For the reasons explained by the majority, this appeal does not present an opportunity for us to adopt this reading of Rule 608(b) as our holding. But in a future appeal that requires us to resolve the question whether our precedents interpreting Rule 608(b) remain valid, we should recognize that our precedents interpreting the Rule to establish a categorical prohibition on impeachment by contradiction or to impose a materiality constraint on that tactic were abrogated by the 2003 amendment.