**UNITED STATES of America, Appellant,**

v.

**Brett Lee RORK, Appellee.**

**No. 92–1657.**

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 16, 1992.

Decided Dec. 2, 1992.

Lester Paff, Asst. U.S. Atty., Des Moines, IA, argued (Gary L. Hayward, Asst. U.S. Atty., on the brief), for appellant.

Frank Steinbach, III, Des Moines, IA, argued (Timothy McCarthy, II, on the brief), for appellee.

Before RICHARD S. ARNOLD, Chief Judge, MAGILL, and BEAM, Circuit Judges.

MAGILL, Circuit Judge.

After a jury trial, Brett Lee Rork was convicted of conspiracy to distribute cocaine and of using a firearm in relation to that conspiracy. The government appeals from the district court's [1] order granting Rork's motion for a judgment of acquittal. We affirm.

In the afternoon of November 13, 1990, two men, an undercover officer and a confidential informant, met with Steven Grade at his residence to arrange a cocaine purchase. Rork was not present at this meeting, but came to Grade's trailer later that evening. At approximately 8:00 p.m., the two men returned to the trailer to purchase the cocaine from Grade. One of the men was wearing a body transmitter. Grade told Rork to go to the bedroom and stay out of the way because Grade was going to conduct a drug deal. Because Grade had no drugs on the premises at that time, he phoned the person who was going to supply him with cocaine for the deal. Rork was in the bedroom during this call. After completing the call, Grade turned off a television set and turned on a police scanner. Grade was able to hear over the scanner the voices of the men who had come to purchase cocaine, and he accused them of being "wired." He told the men to leave, but they did not leave immediately. When they asked if anyone else was on the premises, Grade said there was and called, "Brett, come on out." Rork came out of the bedroom with Grade's handgun, stated there would be no drug deal that day, and told the men to leave.

A jury convicted Rork of conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846, and of using a firearm in relation to that conspiracy, in violation of 18 U.S.C.

---

1. The Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa.

**316**

§ 924(c). Rork moved for a judgment of acquittal, which the district court granted, finding the evidence produced at trial insufficient to convict Rork of conspiracy. Because the firearm charge necessarily rested upon the conspiracy charge, the district court granted Rork's motion for a judgment of acquittal on both counts.

■ This court can affirm a motion for a judgment of acquittal only when "the evidence, viewed in the light most favorable to the government, is such that a reasonably minded jury must have a reasonable doubt as to the existence of any of the essential elements of the crime charged." *United States v. Mundt,* 846 F.2d 1157, 1158 (8th Cir.1988). To convict Rork of conspiracy, the government had to prove that (1) a conspiracy existed; (2) Rork knew of the conspiracy; and (3) Rork knowingly became a part of the conspiracy. *United States v. Ivey,* 915 F.2d 380, 383–84 (8th Cir.1990).

■ The parties do not dispute the fact that a conspiracy existed, and that Grade was a member of that conspiracy. Moreover, the government introduced evidence which demonstrated that Rork knew Grade was involved in selling drugs and he knew Grade intended to sell drugs that night. The government failed, however, to establish that Rork knowingly became a part of the conspiracy to distribute cocaine. Rork's presence in the trailer, coupled with knowledge that Grade intended to sell drugs, does not establish membership in a conspiracy. *See United States v. Nevils,* 897 F.2d 300, 304 n. 2 (8th Cir.) (citing *United States v. Graham,* 548 F.2d 1302, 1312 (8th Cir.1977)), *cert. denied,* —— U.S. ——, 111 S.Ct. 125, 112 L.Ed.2d 93 (1990).

■ Rork's actions do not establish that Rork knowingly became a part of the conspiracy. The government argues that Rork was providing security for the conspiracy. However, other than Rork's actions that night, the government produced no evidence, circumstantial or otherwise, which would indicate a prior agreement between Rork and Grade to provide security. Rork had not been involved in any drug sales during the existence of the conspiracy, and his action of coming out of the bedroom carrying Grade's gun is not enough, by itself, to remove a reasonable doubt that no prior agreement existed. This action also does not establish that Rork made an implicit agreement at that moment to enter the conspiracy. Rork remained in the bedroom until Grade called him into the living room, and Grade did not call Rork until the government agent asked Grade if anyone else was in the trailer. Rork merely held the gun and told the two men to leave, and he made no statements which would indicate he was involved in the conspiracy. *Cf. Nevils,* 897 F.2d at 304 n. 2 (finding defendant member of conspiracy when defendant was present at scene, was listed as sender of money transfers, wore beeper rented by co-conspirator, and attempted to slam door against officers executing search warrant).

Viewing all the evidence in the light most favorable to the government, we find a reasonably minded jury necessarily would have harbored a reasonable doubt concerning whether Rork knowingly agreed with Grade or anyone else to participate in the conspiracy to distribute cocaine.

Accordingly, we affirm.