# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3395

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Don A. Armstrong, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted:  April 19, 2001

Filed:   June 7, 2001

_____

Before WOLLMAN, Chief Judge, BEAM, and HANSEN, Circuit Judges.

_____

WOLLMAN, Chief Judge.

Don A. Armstrong appeals from his conviction in district court[1] of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1).  We affirm.

Armstrong was indicted and tried on three counts of possession with intent to distribute methamphetamine as a result of three separate and unrelated offenses.  On

_____

[1]The Honorable Thomas M. Shanahan, United States District Judge for the District of Nebraska.

August 12, 1998, Armstrong was arrested with 35.35 grams of methamphetamine (count I), on September 7, 1998, with 28.02 grams of methamphetamine (count II), and on July 5, 1999, with six packages containing a total of 96.4 grams of methamphetamine (count III). A jury found Armstrong guilty of the lesser included offense of possession of methamphetamine on counts I and II, but guilty of possession with intent to distribute methamphetamine on count III. Armstrong appeals only his conviction on count III, for which he was sentenced to imprisonment for 110 months.

Armstrong essentially argues that we should set aside his conviction because the jury's verdict was inconsistent. During the traffic stop that led to his arrest in July of 1999, Armstrong handed his methamphetamine to a passenger in his car to hide from police. He alleges that the verdict, along with a jury request for clarification of the definitions of "transfer" and "distribute" with respect to the instructions on count III, indicates that the jury improperly construed this action as distribution of the drug.

We are not persuaded by Armstrong's contention that the jury's verdict in his case was actually inconsistent. The conduct charged in count III, and the evidence presented at trial to prove the government's case, differed materially from the conduct charged in counts I and II. Most obviously, the drug quantity charged in count III was significantly larger. We have held that the possession of large drug quantities alone may evidence an intent to distribute. United States v. Ojeda, 23 F.3d 1473, 1476 (8th Cir. 1994); see United States v. Lopez, 42 F.3d 463, 467 (8th Cir. 1994) (discussing the principle that possession of quantities greater than user quantities indicates intent to distribute). In addition, Armstrong had a cellular telephone and .32 caliber handgun[2]

---

[2]We have considered Armstrong's contention at trial and during oral argument that Armstrong's carrying of a small gun was not evidence of an intent to distribute because drug dealers prefer larger, more imposing weapons. Armstrong has not presented any evidence to support this proposition, however, and we are not disposed to engage in conjecture regarding the weapons-carrying preferences of drug dealers. We do question whether, in light of the ubiquitousness of cellular telephones, the

in his possession upon his third arrest, and the methamphetamine was packaged differently than that seized in the first two arrests. Thus, given the material differences in the evidence presented to prove count III and that presented to prove counts I and II, the jury's verdict does not necessarily reflect an inconsistency in its reasoning.

Even if the verdicts were inconsistent, however, reversal would still be inappropriate because there was sufficient evidence to support the verdict on count III. "Inconsistent verdicts are not, on their own, sufficient grounds for reversal or a new trial. A jury may acquit a defendant as to one or more charges for any number of reasons . . . and yet come to the reasonable conclusion that the defendant was guilty of other related charges. " United States v. Whatley, 133 F.3d 601, 606 (8th Cir. 1998) (citations omitted); see United States v. Powell, 469 U.S. 57, 64-65 (1984) (inconsistent verdicts are not grounds for a new trial because "it is unclear whose ox has been gored"). "The only relevant question when reconciling inconsistent verdicts . . . is whether there was enough evidence presented to support the conviction." Whatley, 133 F.3d at 606 (citations omitted). "Sufficiency-of-the-evidence review is independent of the jury's determination that evidence on other counts was insufficient . . . . '[W]e examine the evidence in the light most favorable to the verdict, giving the government the benefit of all reasonable inferences that may logically be drawn from the evidence.'" United States v. Suppenbach, 1 F.3d 679, 681-82 (8th Cir. 1993) (quoting United States v. Fuller, 942 F.2d 454, 458 (8th Cir. 1991)). Reversal is appropriate only where a reasonable jury could not have found all the elements of the offense beyond a reasonable doubt. Id. To make its case for possession with intent to distribute methamphetamine, the government was required to prove both that Armstrong knowingly possessed methamphetamine, which he does not contest, and that he intended to distribute it. See Ojeda, 23 F.3d at 1475.

---

possession of such an instrument has any significant probative value with respect to the element of intent to distribute drugs.

The evidence previously discussed, in addition to the testimony of a police expert that non-selling methamphetamine users do not purchase even as much as an ounce of the substance at one time, was sufficient to support Armstrong's conviction, notwithstanding Armstrong's assertion that the testimony of four self-described methamphetamine addicts that a serious addict might purchase and use large quantities of methamphetamine rebutted the police expert's testimony. It was for the jury to determine the credibility of the witnesses. See United States v. McMasters, 90 F.3d 1394, 1400-01 (8th Cir. 1996). Even if the jury accepted Armstrong's contention about the enormity of his drug use, the fact that he was a heavy drug user in no way precluded a finding that he also was, or aspired to be, a drug dealer. To the contrary, the police expert testified that methamphetamine dealers are generally users of the drug as well. Accordingly, we conclude that the evidence was sufficient to support the guilty verdict on count III.

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.