# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-1842

———————

United States of America,

        Appellee,

v.

Hugo Beltran-Gomez,

        Appellant.

\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   District of Nebraska
\*
\*   [UNPUBLISHED]
\*

———————

Submitted: September 8, 2005
Filed: September 13, 2005

———————

Before MELLOY, MAGILL, and GRUENDER, Circuit Judges.

———————

PER CURIAM.

A jury found Hugo Beltran-Gomez (Beltran) guilty of possessing with intent to distribute 50 grams or more of a mixture containing methamphetamine (Count I), and with using or carrying a firearm in relation to a drug-trafficking crime, or possessing a firearm in furtherance of such crime (Count II), in violation of 21 U.S.C. § 841(a)(1) and (b)(1), and 18 U.S.C. § 924(c)(1)(A)(i). The district court[1] sentenced Beltran to 63 months in prison on Count I and 60 months in prison on Count II, to be served consecutively, followed by concurrent supervised release terms of 5 years. On

———————

[1] The Honorable Richard C. Kopf, United States District Judge for the District of Nebraska.

appeal, counsel has moved to withdraw and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), arguing that the evidence was insufficient to support the jury verdict.

This court reviews the sufficiency of the evidence in the light most favorable to the government, resolving evidentiary conflicts in favor of the government, and accepting all reasonable inferences that support the jury's verdict. *See United States v. Ramirez*, 350 F.3d 780, 783 (8th Cir. 2003). We find the evidence was sufficient to support Beltran's convictions. As to the drug-distribution count, the evidence showed that Beltran possessed a distribution quantity of methamphetamine (totaling 159.02 grams), and Beltran testified that he sometimes got together with friends to use drugs. *See United States v. Tomberlin*, 130 F.3d 1218, 1319 (8th Cir. 1997) (elements of offense); *United States v. Armstrong*, 253 F.3d 335, 335-36 (8th Cir. 2001) (upholding jury verdict finding defendant guilty of intent to distribute for incident involving 96.4 grams of methamphetamine); *United States v. Baswell*, 792 F.2d 755, 760 n.7 (8th Cir. 1986) (distribution under § 841(a)(1) includes not only sale of controlled substance, but also non-commercial transfer from one person to another). As to the firearm conviction, a gun was found in the passenger compartment of the vehicle within approximately six inches of the drugs, and thus satisfied the "carry" prong of the statute. *See United States v. Rhodenizer*, 106 F.3d 222, 225 (8th Cir. 1997) ("to transport a firearm in the passenger compartment of a vehicle loaded with drugs is to carry a firearm within the meaning of . . . § 924(c)(1)").

Having reviewed the record independently under *Penson v. Ohio*, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issues. Accordingly, we affirm. We also grant counsel's motion to withdraw.

_____