# United States Court of Appeals

## For the Eighth Circuit

_____

No. 21-3896

_____

United States of America

*Plaintiff - Appellee*

v.

Kirbesha Bailey

*Defendant - Appellant*

_____

No. 21-3928

_____

United States of America

*Plaintiff - Appellee*

v.

Christopher James

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Western

_____

Submitted: October 20, 2022
Filed: December 6, 2022

_____

Before SMITH, Chief Judge, BENTON and STRAS, Circuit Judges.

_____

BENTON, Circuit Judge.

A jury convicted Kirbesha Bailey and Christopher L. James of conspiracy to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846. After trial, the district court[1] denied their motions for acquittal. Bailey and James appeal, arguing the evidence is insufficient to support their convictions. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

I.

This court reviews de novo the sufficiency of the evidence for a conviction. ***United States v. Cruz***, 285 F.3d 692, 697 (8th Cir. 2002). "When reviewing the sufficiency of the evidence to support a jury verdict, this court 'views the evidence in the light most favorable to the government, resolving evidentiary conflicts in favor of the government, and accepting all reasonable inferences drawn from the evidence that support the jury's verdict.'" ***United States v. Ellefson***, 419 F.3d 859, 862 (8th Cir. 2005), *quoting **United States v. Espino***, 317 F.3d 788, 791 (8th Cir. 2003). The standard to overturn a jury verdict is "very strict." ***Id.*** A jury verdict should be reversed only "where a reasonable jury could not have found all of the elements of the offense beyond a reasonable doubt." ***United States v. Armstrong***, 253 F.3d 335, 336 (8th Cir. 2001).

To prove a conspiracy to distribute a controlled substance under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846, the government must prove: "(1) that there was a conspiracy, i.e., an agreement to distribute [500 grams or more of meth]; (2) that the defendant knew of the conspiracy; and (3) that the defendant intentionally or

_____

[1]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

knowingly joined the conspiracy." ***United States v. Trejo***, 831 F.3d 1090, 1094 (8th Cir. 2016); ***United States v. Hernandez***, 569 F.3d 893, 896 (8th Cir. 2009). "An agreement to join a conspiracy need not be explicit but may be inferred from the facts and circumstances of the case." ***United States v. Rodriguez-Mendez***, 336 F.3d 692, 695 (8th Cir. 2003) (internal quotation omitted). "Once the government establishes the existence of a drug conspiracy, only slight evidence linking the defendant to the conspiracy is required to prove the defendant's involvement and support the conviction." ***United States v. Jenkins***, 78 F.3d 1283, 1287 (8th Cir. 1996). The conspiracy may be proven through circumstantial evidence and by inferences based on the actions of the parties. ***United States v. Shoffner***, 71 F.3d 1429, 1433 (8th Cir. 1995). "However, the government is not entitled to inferences based on conjecture and speculation." ***United States v. Aponte***, 619 F.3d 799, 804 (8th Cir. 2010). To prove a conspiracy, the evidence "need not exclude every reasonable hypothesis except guilt." ***United States v. Boesen***, 491 F.3d 852, 858 (8th Cir. 2007), *quoting **United States v. Water***, 413 F.3d 812, 816 (8th Cir. 2005).

## II.

Bailey argues the evidence is insufficient to prove she "knew of the conspiracy or intended to accomplish a specific illegal objective." She emphasizes that the conspirators did not mention her name in their testimony at trial. She claims that the government's evidence establishes only that she was present or associated with the conspirators, not that she was a member. "[A] defendant's mere presence, coupled with the knowledge that someone else who is present intends to sell drugs, is insufficient to establish membership in a conspiracy." ***United States v. Rolon-Ramos***, 502 F.3d 750, 754 (8th Cir. 2007), *quoting **United States v. Jimenez-Villasenor***, 270 F.3d 554, 558 (8th Cir. 2001).

At trial, the government introduced three main pieces of evidence against Bailey. First, a photograph showed a woman—later identified as Bailey—shipping a package from a post office in Las Vegas on September 3, 2019. This package went to a conspirator in Rapid City. Second, someone using the IP address on Bailey's

internet account tracked two packages shipped from Las Vegas to Rapid City—one sent on August 26, 2019, and another package intercepted in December 2019 by a Postal Inspector and found to have 446 grams of meth. Third, Bailey received $400 on August 24, 2019 and $700 on September 1, 2019 from a conspirator, Edward Lamont Martin.

Viewing the evidence most favorably to the verdict, there was sufficient evidence for a reasonable jury to find Bailey satisfied each element of the conspiracy charge beyond a reasonable doubt. First, an agreement was proven from Martin's distribution of meth supplied by shipments from James and Bailey. Second, the evidence supports a reasonable inference that Bailey knew of the conspiracy by shipping a package to a conspirator; tracking packages sent to Rapid City—at least one with meth; and receiving payments from Martin. Third, Bailey intended to join the conspiracy by these facts and circumstances.

On appeal, Bailey tries to explain the evidence against her. To explain the shipment of the package, Bailey asserts there is no proof of its contents or her knowledge of the contents. To explain the tracking of packages, Bailey cites the evidence that the four other adults living with her could have tracked the package using the IP address. However, a reasonable jury could credit her admissions to a special agent with the Drug Enforcement Administration that she alone could access the IP address and only she had the password stored on her phone. She also admitted that no one else used her phone and there were no computers in the apartment (a search of the apartment found three cell phones but no computers). Because Bailey was watching Martin's child at the time, she asserts that the money was for child care.

Although Bailey provided alternative explanations for the government's evidence, "if the evidence rationally supports two conflicting hypotheses, the reviewing court will not disturb the conviction." *United States v. Burks*, 934 F.2d 148, 151 (8th Cir. 1991). Here, the evidence rationally supports two conflicting hypotheses. It was within the jury's power to weigh the conflicting evidence and

-4-

decide what to believe. *See **Armstrong**,* 253 F.3d at 337 (affirming conviction, reasoning it was the jury's decision to resolve conflicting testimony).

Bailey relies on cases where this court determined the evidence was insufficient to establish a conspiracy. *See **United States v. Rork**,* 981 F.2d 314, 316 (8th Cir. 1992); ***United States v. Fitz**,* 317 F.3d 878, 883 (8th Cir. 2003).

In *Rork*, the government appealed a grant of a motion for acquittal of conspiracy to distribute cocaine and use of a firearm related to it. ***Rork***, 981 F.2d at 315. Defendant Rork was never involved in selling or transporting the drugs but was merely present when a sale was about to occur. ***Id.*** at 316. A conspirator told him to leave the scene of the sale. ***Id.*** at 315. He did but later returned to stop the sale. ***Id.*** This court affirmed the acquittal because "a reasonably minded jury necessarily would have harbored a reasonable doubt concerning whether Rork knowingly agreed . . . to participate in the conspiracy to distribute cocaine." ***Id.*** at 316.

In *Fitz*, this court reversed the defendant's convictions, concluding that the district court erred in denying the motion for acquittal because there was insufficient evidence for the conviction because the defendant was merely present at the scene of a controlled substance buy, and nothing else implicated him in the conspiracy. ***Fitz***, 317 F.3d at 882-83. The conversations at the sale were in English, but there was no evidence in the record that showed Fitz spoke or understood English because he was provided with an interpreter at the trial and sentencing hearing. ***Id.*** at 882. There was no evidence that Fitz, a passenger in the car, knew of the drugs hidden inside the gas tank. ***Id.*** This court concluded that the government could not prove Fitz was aware of the conspiracy or knowingly participated. ***Id.*** at 883.

Bailey's case is distinct from *Rork* and *Fitz* because she was involved in selling and transporting meth. More persuasive are two other cases.

This court affirmed a jury verdict of conspiracy to distribute marijuana where the defendant shipped packages to co-conspirators and received wired payments. *United States v. Stewart*, 854 F.3d 472, 475 (8th Cir. 2017). Similarly, this court upheld a verdict of conspiracy to distribute drugs where the defendant wired payments totaling over $100,000 to co-conspirators, and his phone records showed communications with other co-conspirators. *United States v. Sherman*, 262 F.3d 784, 791 (8th Cir. 2001).

The evidence against Bailey is similar to *Stewart* and *Sherman*. Like *Stewart*, Bailey was directly involved in shipping meth and receiving payments from a conspirator. Like *Sherman*, Bailey exchanged payments with the conspirators. In fact, while Sherman only spoke on the phone with conspirators, Bailey had more extensive contact with conspirators because she was emotionally involved with James.

Because the evidence supports that a reasonable jury could find Bailey guilty of each element of conspiracy to distribute meth, this court affirms the jury's verdict. The district court did not err in denying Bailey's motion for acquittal.

III.

James appeals, claiming the government's evidence was insufficient because it relied on conjecture and speculation to prove his connection to the conspiracy. He also asserts mere association with the conspirators.

James repeatedly cites his own trial testimony to support his argument on appeal. "In reviewing the motion for judgment of acquittal . . . the court does not assess the credibility of the witnesses, because that is the province of the jury." *Stewart*, 854 F.3d at 475. *See United States v. Hassan*, 844 F.3d 723, 726 (8th Cir. 2016) (explaining that a reviewing court similarly "cannot pass upon the credibility of the witnesses or the weight to be given their testimony, as this is uniquely within the province of the trier of fact, and entitled to special deference"). It was for the

jury to determine James's credibility and decide whether to accept or reject his testimony.

Sufficient evidence supported James's conviction of conspiracy to distribute 500 grams or more of meth. In 2019, James received eleven wire payments from other conspirators. Some payments coincided with dates packages arrived in Rapid City. Testimony from several witnesses further implicated James in the conspiracy. Sara Skinner, a conspirator, testified she was in a relationship with Martin who ran the meth distribution ring in Rapid City. According to Skinner, Martin identified his meth source was James. Skinner also recounted conversations she overheard between Martin and James about arrangements to ship meth. A confidential informant purchased meth from Martin on three different occasions—52 grams; 8.3 ounces (234 grams), and 7.7 ounces (218 grams)—for a total of 504 grams. The informant also received James's cell-phone number to pay for the meth. Martin told the informant to send the payment to "Christopher James."

The jury had sufficient evidence for each element of the conspiracy offense under 21 U.S.C. § 846. First, as evidence of an agreement, the informant testified that Martin received his meth from James and in return, James received several wire payments. Second, James knew of the conspiracy by providing his cell-phone number for the informant's payments. Third, based on all the facts and circumstances, James knowingly and intentionally joined the conspiracy. Since the informant alone purchased over 500 grams of meth from Martin, the jury reasonably found a conspiracy to distribute over 500 grams of a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). The district court did not err in denying James's motion for acquittal.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____