# United States Court of Appeals
### For the Eighth Circuit
_____

No. 23-2660
_____

United States of America

*Plaintiff - Appellee*

v.

Todd Deutsch

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of South Dakota - Western
_____

Submitted: June 12, 2024
Filed: July 30, 2024
[Unpublished]
_____

Before LOKEN, ERICKSON, and GRASZ, Circuit Judges.
_____

PER CURIAM.

A jury found Todd Deutsch guilty of conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.  The district court[1]

---

[1]The Honorable Jeffrey L. Viken, United States Judge for the District of South Dakota, now retired.

sentenced Deutsch to a 168-month term of imprisonment. Deutsch appeals challenging the sufficiency of the evidence. We affirm.

This Court reviews *de novo* the sufficiency of the evidence for a conviction. United States v. De La Cruz Nava, 80 F.4th 883, 887 (8th Cir. 2023). "This standard of review is very strict, and a jury verdict will not be overturned lightly." United States v. Ellefson, 419 F.3d 859, 862 (8th Cir. 2005). Reversal of a jury verdict is permissible only if no reasonable jury could have found all the elements of an offense beyond a reasonable doubt. De La Cruz Nava, 80 F.4th at 887.

The offense of conspiracy to distribute a controlled substance has three elements: (1) there was an agreement to distribute or possess with intent to distribute a controlled substance; (2) Deutsch voluntarily and intentionally joined the agreement; and (3) when Deutsch joined the agreement, he knew its essential purpose. See United States v. Shaw, 965 F.3d 921, 926 (8th Cir. 2020). The existence of the agreement may be proved wholly by circumstantial evidence or by reasonable inference from the parties' actions. United States v. Jimenez-Villasenor, 270 F.3d 554, 558 (8th Cir. 2001).

Deutsch asserts the evidence is insufficient to prove he joined or was involved in a drug trafficking conspiracy with Brian Jackson because the government established only a "marginal" link between himself and Jackson and no link – except for Robert Dodd's testimony – between Jackson and the other evidence. To the contrary, the evidence presented at trial shows that Deutsch and Jackson were dealing drugs together from as early as 2018. Half a dozen individuals testified as to the existence of the conspiracy. Further, from March 30, 2019, to April 27, 2019, cellphone records contained 44 calls between Deutsch and Jackson. Then during a traffic stop on April 27, 2019, more than a pound of methamphetamine was confiscated and witnesses testified that the seized methamphetamine was connected to Deutsch. The record reveals the existence a typical "hub and spokes" conspiracy, with Deutsch purchasing drugs from a variety of individuals and distributing the

drugs to consumers and lower-level dealers.  See United States v. Hill, 410 F.3d 468, 472 (8th Cir. 2005).

In addition, from August 6, 2019, to September 8, 2019, cellphone records show 102 calls or texts between Deutsch and Jackson.  In September 2019, South Dakota law enforcement officers were surveilling Jackson's residence and they photographed Deutsch and Jackson, as Deutsch was inside Jackson's residence for 20 to 30 minutes with other suspected dealers.  Further, a few months after Jackson had been arrested with 789 grams of methamphetamine in his vehicle, Deutsch told others attending his birthday party about Jackson's arrest.  According to a witness, Deutsch explained that he had to raise the price of methamphetamine because his methamphetamine suppliers kept getting arrested and the drugs seized.

While Deutsch claims he was not part of a conspiracy and merely provided Jackson with small amounts of methamphetamine four or five times to sell to Dodd, a reviewing court is not empowered to disturb a conviction if alternative explanations for the government's evidence are rationally supported by the evidence. See United States v. Bailey, 54 F.4th 1037, 1040-41 (8th Cir. 2022).  It is the jury's task to weigh the conflicting evidence and determine whether the government has met its burden of proof.  Id. at 1041.  While a mere buyer-seller relationship is inadequate to tie a buyer to a conspiracy, here there is more than sufficient evidence to establish that Deutsch had a conspiratorial purpose to advance drug trafficking. Viewing the evidence most favorably to the verdict as we must, there is sufficient evidence for a reasonable jury to find each element of the charged conspiracy beyond a reasonable doubt.

We affirm the judgment of the district court.

_____