# United States Court of Appeals
## For the Eighth Circuit

_____

Nos. 24-1326/24-1328
_____

United States of America

*Plaintiff - Appellee*

v.

Anthony Tyrone Jackson, Jr.

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa
_____

Submitted: March 21, 2025
Filed: July 9, 2025
_____

Before COLLOTON, Chief Judge, ERICKSON and GRASZ, Circuit Judges.
_____

GRASZ, Circuit Judge.

A jury convicted Anthony Jackson, Jr., on four counts related to drug distribution and unlawful firearm possession. Jackson appeals, challenging several

evidentiary issues and the sufficiency of the evidence to convict him of conspiracy to distribute controlled substances. We affirm the district court.[1]

## I. Background

In early 2023, investigators conducted six controlled buys of fentanyl pills from Tyran Locure. Jackson was present for two of these buys, which were conducted out of Jackson's vehicle. A GPS tracker placed on his vehicle showed it regularly parked at an apartment building in Des Moines, Iowa, where Jackson and Locure were surveilled. That April, investigators executed a search warrant at Jackson and Locure's suspected residence at the apartment building. Both Locure and Jackson were found inside during the search. In the apartment, investigators also found firearms, thousands of fentanyl pills, marijuana, cocaine, cell phones belonging to Locure and Jackson, and a money counter. Specifically, they found a thermos with 6,870 fentanyl pills inside. They also found Jackson's wallet in a kitchen drawer next to guns, a digital scale, and 829 fentanyl pills. The next drawer over contained 690 fentanyl pills and a pill bottle with Locure's name on it. Investigators also found in the apartment various documents with Jackson's name, such as a traffic citation and banking documents. On Jackson's person, the investigators found $2,263 in cash, some of which was serialized money that had been used to buy fentanyl pills from Locure two days prior.

Investigators also executed search warrants on Jackson's and Locure's Snapchat accounts and the cell phones found in the searched apartment. Photographs and a video found on the cell phones depicted Jackson holding a firearm and messages suggested his interest in firearms. The cell phones also contained messages between Jackson and others indicating their interest in buying fentanyl and marijuana from Jackson. During the relevant time period, Jackson was on

---

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

supervised release for a prior conviction for possessing a firearm in furtherance of a drug trafficking crime.

A grand jury charged Jackson with: Count I, conspiracy to distribute controlled substances, 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A), (b)(1)(D); Count II, possession with intent to distribute fentanyl, 21 U.S.C. § 841(a)(1), (b)(1)(A); Count III, possession of firearms in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A); and Count IV, felon in possession of firearms, 18 U.S.C. §§ 922(g)(1), 924(a)(8). The jury convicted Jackson on all four counts, and the district court sentenced him to 270 months of imprisonment, revoked his supervised release, and sentenced him to an additional 30 months of imprisonment for violating his supervised release terms.

## II. Discussion

Jackson appeals both his conviction and revocation of supervised release, which were consolidated in this appeal, arguing the admission of a forensic report's results violated his right to confront witnesses under the Sixth Amendment, admission of his prior bad acts was improper, and there was insufficient evidence for a jury to convict him of conspiracy to distribute fentanyl and marijuana. We address each argument in turn.

### A. Admission of the Stipulated Forensic Report Findings

Jackson first argues his rights under the Confrontation Clause were violated when the district court admitted the stipulated findings from a forensic report without giving him the opportunity to cross-examine the criminalist who prepared the report. "A defendant may waive his confrontation rights . . . by stipulating to the admission of evidence . . . ." *United States v. Robinson*, 617 F.3d 984, 989 (8th Cir. 2010) (first alteration in original) (quoting *United States v. Lee*, 374 F.3d 637, 649 (8th Cir. 2004)). So, when "the defendant is aware of the stipulation and does not object to

the stipulation in court, we presume that he has acquiesced in his counsel's stipulation." *Id.* at 989 (citation modified). This occurred here.

At trial, the government introduced a stipulated agreement that mirrored the findings of a forensic report authored by the Iowa Department of Criminal Investigation. The forensic report confirmed the substance types and quantities found during the search at the apartment, which were identified as fentanyl, marijuana, and cocaine. The stipulation read: "Defendant waives the right to have the criminalists who analyzed the drugs and prepared the reports testify at trial. Defendant stipulates that if the criminalists were called to testify, they would testify as set forth in their reports." Jackson, along with the attorneys for both parties signed the stipulation. The government read the entire stipulation into the trial record, and Jackson did not object. Because Jackson stipulated to waiving his right to cross-examine the criminalists who prepared the forensic report, he waived his confrontation rights. *See id.* Thus, the stipulation was properly admitted.

### B. Evidence of Prior Drug Conviction and Firearm Photographs

We next turn to Jackson's argument that the admission of evidence of his prior bad acts was improper. A trial court's "evidentiary rulings are reversed only for a clear and prejudicial abuse of discretion." *United States v. Bradley*, 924 F.3d 476, 483 (8th Cir. 2019) (quoting *Walker v. Kane*, 885 F.3d 535, 538 (8th Cir. 2018)). Reversal "is warranted only if it 'was based on an erroneous view of the law or a clearly erroneous assessment of the evidence and affirmance would result in fundamental unfairness.'" *United States v. Schropp*, 829 F.3d 998, 1004–05 (8th Cir. 2016) (quoting *Wegener v. Johnson*, 527 F.3d 687, 690 (8th Cir. 2008)).

"Rule 404(b) is a 'rule of inclusion' that permits evidence of prior crimes to show a defendant's 'motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.'" *United States v. Monds*, 945 F.3d 1049, 1052 (8th Cir. 2019) (first quoting *United States v. Riepe*, 858 F.3d 552, 560 (8th Cir. 2017); and then quoting Fed. R. Evid. 404(b)(2)). To be admissible under

Rule 404(b), the "evidence must be (1) relevant to a material issue raised at trial, (2) similar in kind and not overly remote in time to the crime charged, (3) supported by sufficient evidence to support a jury finding that the defendant committed the other act, and (4) of probative value not substantially outweighed by its prejudicial effect." *Id.*

Under these criteria, admission of the evidence of Jackson's prior conviction was proper. Jackson stipulated to the admission of his prior conviction for possessing a firearm in furtherance of a drug trafficking crime. Here, he argues the evidence underlying his prior conviction, including evidence of his possession of a distribution quantity of marijuana and possession of a firearm, is irrelevant and unduly prejudicial propensity evidence. We disagree. Evidence that Jackson previously possessed a distribution quantity of marijuana is relevant "to show knowledge and intent to commit a current charge of conspiracy to distribute drugs," specifically as to Counts I, II, and III. *See United States v. Jones*, 74 F.4th 941, 950 (8th Cir. 2023) (quoting *United States v. Davis*, 867 F.3d 1021, 1029 (8th Cir. 2017)), *cert. denied*, 144 S. Ct. 862 (2024). Likewise, evidence that Jackson previously possessed a firearm is relevant to show intent and knowledge, which were required elements of Counts III and IV. *See United States v. Williams*, 796 F.3d 951, 959 (8th Cir. 2015).

Further, any prejudicial effect was mitigated by the district court's limiting instruction to the jury on how to properly consider this evidence and instructing that the jury could "not convict a person simply because you believe he may have committed similar acts in the past." *See United States v. Vega*, 676 F.3d 708, 719–20 (8th Cir. 2012) (determining that any prejudicial effect was mitigated by the limiting instruction given by the district court); *United States v. Pendleton*, 832 F.3d 934, 944 (8th Cir. 2016) ("We presume that juries follow a court's instructions."). The district court did not abuse its discretion in admitting evidence underlying Jackson's prior conviction.

Jackson also asserts the admission of certain firearm photographs was improper, arguing the photographs were irrelevant and unduly prejudicial. *See* Fed. R. Evid. 403, 404(b). Although Jackson objected to the admission of some firearm photographs at a pretrial conference, he did not renew this objection at trial, so we review for plain error. *See United States v. Ali*, 616 F.3d 745, 752 (8th Cir. 2010). To succeed, Jackson must show there (1) was an error that (2) was plain and (3) affected his substantial rights. *See Greer v. United States*, 141 S. Ct. 2090, 2096 (2021). For an error to affect a substantial right, there must be "a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *Id.* (quoting *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1904–05 (2018)). If these three elements are met, this "court may grant relief if it concludes that the error had a serious effect on 'the fairness, integrity or public reputation of judicial proceedings.'" *Id.* at 2096–97 (quoting *Rosales-Mireles*, 138 S. Ct. at 1905). The photographs were relevant to show Jackson's knowledge and intent to possess a firearm as to Counts III and IV. *See Williams*, 796 F.3d at 959 (stating that evidence of a defendant previously possessing a firearm is relevant to his knowledge and intent). The evidence was not unduly prejudicial. Regardless, there was ample additional evidence proving Jackson's guilt. Investigator testimony, controlled substances and firearms seized from the apartment, and the serialized money found on Jackson all strongly support the jury's verdict. So, there is no reasonable probability of a different outcome had these firearm photographs been excluded, and thus, Jackson's substantial rights were not affected by the admission of the photographs. *See United States v. Simmons*, 70 F.4th 1086, 1091 (8th Cir. 2023). The district court did not plainly err by admitting the firearm photographs.

## C. Sufficiency of the Evidence

Jackson's final argument is that the government did not present sufficient evidence to uphold his conspiracy conviction, Count I. We conclude otherwise. A sufficiency of the evidence challenge is reviewed de novo, "construing the evidence in the light most favorable to the verdict." *United States v. Jirak*, 728 F.3d 806, 811 (8th Cir. 2013). This is a "strict" standard. *United States v. Edelmann*, 458 F.3d

791, 811 (8th Cir. 2006). "[W]e do not lightly overturn a jury's verdict." *Id.* "[W]e cannot pass upon the credibility of witnesses or the weight to be given their testimony" and "will only reverse a district court's denial of a defendant's motion for acquittal 'if there is no interpretation of the evidence that would allow a reasonable jury to find the defendant guilty beyond a reasonable doubt.'" *United States v. Nelson*, 51 F.4th 813, 817 (8th Cir. 2022) (first quoting *United States v. Hassan*, 844 F.3d 723, 726 (8th Cir. 2016); and then quoting *United States v. Gonzalez*, 826 F.3d 1122, 1126 (8th Cir. 2016)).

To support a conviction for conspiracy to distribute a controlled substance, "the [g]overnment must prove that (1) a conspiracy to distribute [a controlled substance] existed; (2) the defendant knew about the conspiracy; and (3) the defendant knowingly became a part of the conspiracy." *United States v. Garcia*, 646 F.3d 1061, 1066 (8th Cir. 2011). "The conspiracy's existence may be proved by direct or circumstantial evidence." *United States v. Milk*, 66 F.4th 1121, 1135 (8th Cir. 2023) (quoting *United States v. Cain*, 487 F.3d 1108, 1111 (8th Cir. 2007)).

Here, the government presented sufficient evidence to convict Jackson of conspiracy to distribute fentanyl and marijuana. Law enforcement conducted six controlled buys of fentanyl pills from Locure, two of which were conducted out of Jackson's vehicle with Jackson present. A GPS tracker attached to Jackson's vehicle showed it frequently parked at the searched apartment, where Jackson and Locure were found lying on a bed in one of the bedrooms when the officers executed the search warrant. Officers found in the apartment thousands of fentanyl pills, marijuana, cocaine, several guns, scales, and a money counting machine. They also found serialized money from the controlled buys on Jackson's person. Further, Snapchat and text messages depicted conversations between Jackson and others regarding the sale of fentanyl and distribution quantities of marijuana, including Snapchat videos depicting Jackson with several pounds of marijuana. From this evidence, a reasonable jury could infer beyond a reasonable doubt that Jackson was knowingly involved and intended to be involved in a conspiracy to distribute fentanyl and marijuana. *See United States v. Hayward*, 124 F.4th 1113, 1116, 1121

(8th Cir. 2025) (determining that evidence of distribution amounts of controlled substances along with other items associated with drug trafficking and evidence of drug transaction communications support a conspiracy to distribute controlled substances conviction).

### III.  Conclusion

For the foregoing reasons, we affirm.

_____