# United States Court of Appeals
## For the Eighth Circuit
_____

No. 24-1529
_____

United States of America

*Plaintiff - Appellee*

v.

Eric LaDeaux

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of South Dakota - Western
_____

Submitted: December 19, 2024
Filed: September 17, 2025
_____

Before LOKEN, ERICKSON, and KOBES, Circuit Judges.
_____

KOBES, Circuit Judge.

The district court[1] found Eric LaDeaux guilty of conspiring to distribute a controlled substance, 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A), after a two-day

---

[1]The Honorable Daneta Wollmann, United States Magistrate Judge for the District of South Dakota, issued the report and recommendation on the motion to dismiss under the Speedy Trial Act. *See* 28 U.S.C. § 636(b)(1)(A). The Honorable Jeffrey L. Viken, United States District Judge for the District of South Dakota, now

bench trial. LaDeaux argues that his rights under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, were violated and that there is insufficient evidence to support his conviction. We affirm.

LaDeaux was indicted in a second superseding indictment and made his first appearance on November 15, 2021, starting his speedy trial clock. 18 U.S.C. § 3161(c)(1). As relevant here, three approximately 90-day continuances followed. Codefendant Taylor Hise moved for the first on December 30, 2021, citing the need "to review discovery materials" and "discuss resolution with the government." Codefendant Devina Desersa moved for the second on February 22, 2022, citing the need for more time to investigate, difficulty communicating with her lawyer because of "pregnancy and problems associated with it," and "difficulty in locating witnesses that need to be contacted." And codefendant Hise moved for the third on April 22, 2022, for the same reasons as in December. The district court, over LaDeaux's objections, granted each motion as serving "the ends of justice" under § 3161(h)(7)(A), and citing the codefendants' reasons.[2] *See* R. Docs. 159, 163, 179, 181, 202, 203.

LaDeaux filed a motion to dismiss under the Speedy Trial Act on August 9, 2022. The magistrate judge recommended the motion be denied on September 9, and the district court adopted the recommendation on October 31. LaDeaux alone went to trial in August 2023.

---

retired, issued the continuances, denied the motion to dismiss under the Speedy Trial Act, and presided over the trial.

[2]Although the court granted an open-ended continuance in late July 2022, we need not decide its validity. R. Doc. 230 (order granting continuance); *see United States v. Grady*, 88 F.4th 1246, 1256 (8th Cir. 2023). The relevant time period was otherwise excludable based on pretrial motions filed by LaDeaux and his codefendants. R. Docs. 208, 218, 221, 223, 225, 226, 227, 228, 229. *See* § 3161(h)(1)(D) (excluding the period of "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion").

The Speedy Trial Act "requires that trial begin within 70 days after a defendant is charged or makes an initial appearance." *United States v. Lucas*, 499 F.3d 769, 782 (8th Cir. 2007) (en banc). But "the speedy trial clock runs only if none of § 3161(h)'s eight enumerated exclusions apply." *United States v. Boyd*, 138 F.4th 1079, 1082, (8th Cir. 2025); *see also* § 3162(a). "[E]xclusions of time attributable to one defendant apply to all codefendants," *United States v. Patterson*, 140 F.3d 767, 772 (8th Cir. 1998), and "[a] judge's finding that a continuance would best serve the ends of justice is a factual determination," *United States v. Villarreal*, 707 F.3d 942, 953 (8th Cir. 2013) (quotation omitted). We review factual findings for clear error, any legal conclusions *de novo*, and the ultimate Speedy Trial Act ruling for an abuse of discretion. *United States v. Porchay*, 651 F.3d 930, 935 (8th Cir. 2011).

We first consider what happened before LaDeaux filed his motion to dismiss. The district court calculated that 32 days had run on LaDeaux's speedy trial clock, R. Doc. 275 at 13, by excluding the time between December 30, 2021 and August 9, 2022 (when LaDeaux moved to dismiss), because the ends of justice were best served by the continuances based on the codefendants' need for more time to review discovery. *See* § 3161(h)(7)(A); § 3161(h)(7)(B)(iv). LaDeaux counters that this was not a complicated case, so two years for codefendants to review discovery was not "the reasonable time necessary for effective preparation," § 3161(h)(7)(B)(iv), especially while he was incarcerated and his codefendants were not. He insists the district court failed to "tak[e] into account" whether codefendants' counsel "exercise[d] . . . due diligence." *Id.*

We disagree. LaDeaux filed his motion to dismiss around seven months after his initial appearance. LaDeaux's addition to the case in a second superseding indictment changed the nature of the case, requiring a reevaluation of discovery. When we consider counsel's statements that they needed more time to review discovery, the length of the continuances, and Desersa's medical issues, we cannot

-3-

say that the district court clearly erred by finding the ends of justice were served by the December, February, and April continuances.

LaDeaux also attacks the delays after his motion to dismiss was denied, again claiming that codefendants' counsel failed to act diligently. But he didn't identify these new failures to the district court "prior to trial." *See* § 3162(a)(2) ("Failure of the defendant to move for dismissal prior to trial . . . shall constitute a waiver of the right to dismissal under this section."); *id.* (defendant generally bears "the burden of proof of supporting such motion"); Fed. R. Crim. P. 47(b) (to support a motion, defendant "must state the grounds on which it is based"). So LaDeaux waived his arguments about the time period after his motion to dismiss. *See United States v. Harris-Franklin*, 146 F.4th 631, 645 (8th Cir. 2025) (holding that "waiver applies to specific non-excludable periods of time not raised in a dismissal motion or renewed dismissal motion").

Finally, LaDeaux argues that there is insufficient evidence showing he voluntarily joined the conspiracy to distribute drugs. *See United States v. Trejo*, 831 F.3d 1090, 1094 (8th Cir. 2016) (listing essential elements for a drug distribution conspiracy). "We review the sufficiency of the evidence after a bench trial in the light most favorable to the verdict, upholding the verdict if a reasonable factfinder could find the offense proved beyond a reasonable doubt." *United States v. Iqbal*, 869 F.3d 627, 629–30 (8th Cir. 2017).

LaDeaux says no reasonable factfinder could rely on the testimony from the special agents because it relied on the stories his co-conspirators told them, which were inconsistent. But we do not "weigh the evidence or assess the credibility of the witnesses." *United States v. Lundstrom*, 880 F.3d 423, 426 (8th Cir. 2018). LaDeaux also argues there is no evidence he joined the conspiracy. But his co-conspirators testified that LaDeaux entered a fronting arrangement where he received drugs with cash due later. While LaDeaux argues this was merely for personal consumption, his co-conspirators also testified LaDeaux helped weigh and package drugs for distribution and carried a firearm while delivering drugs. *See*

-4-

*United States v. Bailey*, 54 F.4th 1037, 1041 (8th Cir. 2022). Facebook messages also show LaDeaux arranging a sale between co-conspirators. Viewing the evidence in the light most favorable to the verdict, a reasonable factfinder could find LaDeaux joined the conspiracy. *See United States v. Dickson*, 70 F.4th 1099, 1104 (8th Cir. 2023).

Affirmed.

_____